EDWARD S. MULLINER

v.

CHARLES M. BRONSON.

*Filed at Springfield September 23, 1885.*

1. CONTRACT—*construed—as to right of buyer, to determine as to the quality of goods purchased and delivered.* A contract for the sawing, and delivery to the purchaser, of lumber, providing that he should measure the same when delivered, and that he should measure and pay for only such as was absolutely clear, and suitable for a certain purpose, while it gives the buyer the right to measure the lumber and pass upon its quality, does not make him the sole judge, and his decision beyond review. In such case, he is bound to receive and measure such of the lumber as complies with the contract, although in his judgment it is not of the proper quality.

2. EVIDENCE—*to show quality of lumber delivered.* In a suit upon a contract for the sawing and delivery of lumber to the defendant at his yard in a city, containing a clause that defendant should measure the same after its delivery, and only such as was absolutely clear and would work into tobacco boxes, there is no error in admitting the testimony of witnesses who saw the lumber after it was sawed, in .the timber, and when it was being shipped, to show its quality when delivered. If injured while being shipped, such fact might be shown.

3. EXCEPTIONS—*when necessary—in case of remarks of the trial judge, claimed to have been improper.* After a cause had been reversed for misconstruction of a contract, and on the second trial the court remarked, in the hearing of the jury, without anything to call for the same, that he had not changed his opinion as to the proper construction of the contract, but that the Appellate Court had decided the question and the court was bound to follow the decision, but no exception was taken to such remark, it was *held*, that the defendant, by failing to except thereto, waived all objection that might have been made to what was said by the court.

4. INSTRUCTION—*whether leaving construction of a verbal contract to the jury.* An instruction in a suit to recover for lumber sawed and delivered, partly under a written contract, as alleged, and partly under a verbal one, directing the jury that if they found, from the evidence, that a part of the lumber was furnished on a verbal contract made subsequent to the one in writing, then they should find, from the evidence, what the terms of such contract were, and be governed by them, is not obnoxious to the objection that it submits to the jury the construction of such verbal contract, and is not improper.

WRIT OF ERROR to the Appellate Court for the Third District;—heard in that court on appeal from the Circuit Court of Adams county; the Hon. JOHN H. WILLIAMS, Judge, presiding.

Mr. A. E. WHEAT, and Mr. C. A. BABCOCK, for the plaintiff in error:

In actions *ex contractu*, where the preponderance of evidence is great as to the fact of performance, and the finding below is against it, a new trial should be awarded. *Lawrence* v. *Atwood*, 1 Bradw. 217; *Railroad Co.* v. *Dingman*, id. 162; *Drury* v. *Dungan*, 2 id. 15.

The verdict and judgment must be supported by evidence. Wholly unsupported by evidence it can not stand. *Ragor* v. *Kendall*, 70 Ill. 95; *Pease* v. *Callin*, 1 Bradw. 88.

If a contract is ambiguous, it is the duty of the court to determine what it means from the evidence, and instruct the jury as to its meaning. *Ogden* v. *Kirby*, 79 Ill. 559.

It is a question for a jury, and a matter of fact, what contract has been made; but this ascertained, it becomes a question of law for the court to interpret and ascertain the meaning of the parties to it, and to declare their respective rights, and the extent of their obligations. See *Sigsworth* v. *McIntyre*, 18 Ill. 128.

The rule is well settled that the construction of contracts, written or verbal, is for the court, and can not be expounded by witnesses. *Lintner* v. *Milliken*, 47 Ill. 181; *Streeter* v. *Streeter*, 43 id. 155; *McAroy* v. *Long*, 13 id. 147; *Riley* v. *Dickens*, 19 id. 29.

A jury should find the meaning and intent of a contract under the instructions of the court, and any mistake in the true intent, imparted by the language used in such instructions, is error, and subject to correction. *Railroad Co.* v. *Cassell*, 17 Ill. 389; *Kamphouse* v. *Gaffner*, 73 id. 453.

The jury should have been left free to consider the evidence given by both parties, without any expression of opinion by the court. *Lycan* v. *People,* 107 Ill. 428.

Mr. George M. Janes, for the defendant in error:

All the presumptions are in favor of sustaining the verdict, which will not be lightly disturbed. *Blake* v. *McMullen,* 91 Ill. 32.

Even when the evidence in support of the verdict is inconclusive and contradictory, a new trial can not be awarded. *Milliken* v. *Taylor,* 53 Ill. 509; *Young* v. *Rowley,* 60 id. 148; *Lewis* v. *Lewis,* 92 id. 237; *Howitt* v. *Estelle,* id. 218; *Buchanan* v. *McLennen,* 105 id. 60.

When the evidence is so far conflicting as to present a fair question of fact for the jury, their decision should be regarded as final. *Tedens* v. *Schumers,* 14 Bradw. 610.

There is no error in refusing instructions the substance of which is contained in others given. *Freiburg* v. *People,* 102 Ill. 160; *City of Burlington* v. *Perdue,* 99 id. 329; *Abney* v. *Austin,* 6 Bradw. 49.

It is the amount of clear lumber that could have been measured out of what was delivered, that is the subject matter of this suit. *Mulliner* v. *Bronson,* 14 Bradw. 360.

Remarks of the court complained of, whether entirely proper or not, did not prejudice the cause of appellant, and not having been excepted to when made, constitute no ground for a new trial. *Beasley* v. *People,* 89 Ill. 580; *Wiggins Ferry Co.* v. *People ex rel.* 101 id. 449.

Mr. Justice Craig delivered the opinion of the Court:

This was an action of assumpsit, brought by Charles M. Bronson, in the Adams circuit court, against Edward S. Mulliner, to recover a balance claimed to be due for a certain quantity of lumber which plaintiff had sold and delivered to defendant. The declaration contained the common counts,

and on a trial before a jury the plaintiff recovered a judgment for $600, which, on appeal, was affirmed in the Appellate Court.

It appears from the evidence, that on the 28th day of September, 1881, Bronson and Mulliner entered into a contract in writing, under which Bronson agreed to move his saw-mill, and set it up in the sycamore timber growing on land belonging to J. R. Cronk, five miles north-west of Mendon, and saw for Mulliner two hundred and twenty thousand feet of lumber. The contract contained this provision: "Mulliner to measure said lumber after it is delivered, dry, at his yard in Quincy, Illinois, and to measure such, only, as is absolutely clear, and will work into tobacco boxes." The lumber was sawed and delivered, but it was contended by the defendant that a portion of it was not absolutely clear, and he was not bound to measure and pay for that portion; while, on the other hand, plaintiff claimed that the quality of the lumber complied with the contract.

On the trial, the court ruled that the condition of the lumber before it was shipped was immaterial,—that the evidence must show the lumber, after it was delivered at the defendant's yard, in Quincy, complied with the contract; but the court also admitted evidence of witnesses who saw the lumber after it was sawed, and while it was being shipped, as tending to establish the quality of the lumber delivered,—and the admission of this evidence is relied upon as error. While it is true, under the contract, that the quality of the lumber was to be determined on the measurement at defendant's yard after it had been delivered, still, where witnesses saw the lumber after it was sawed, in the timber, and saw it when it was being shipped, such evidence was competent tending to prove the quality of the lumber after it had reached the possession of defendant, and we think such evidence was properly admitted. If the lumber was clear after it was sawed and placed on wagons or cars for shipment to defendant, it could

33—114 ILL.

not become different or other than clear lumber on its arrival. The lumber was hauled in wagons some five miles from the mill, to a station on the railroad, and there shipped on cars. The men who loaded the lumber on wagons, and unloaded onto the cars, would doubtless form an opinion as to its quality, and the facts thus obtained were competent evidence tending to show the quality of the lumber when it was to be measured in defendant's yard. If the lumber was damaged by shipment, that might readily be proven.

It is also contended that on the trial the presiding judge made remarks and expressions of opinion that tended to influence the jury in making up their verdict. This was a second trial of the cause. An appeal was taken from the judgment rendered on the first trial, to the Appellate Court, and the judgment was reversed, the Appellate Court holding that the circuit court had not placed the proper construction on the contract. On the last trial, when the construction of the contract again arose, the circuit judge remarked that he had not changed his opinion as to the proper construction to be placed on the contract, but the Appellate Court had decided the question, and the circuit court was bound to follow the decision. Other remarks of a similar character were made during the trial. The remarks which were made by the circuit court were uncalled for by any question which arose in the case, but whether they should be regarded as error for which the judgment should be reversed, it will not be necessary to determine, for the reason that the record shows no exception whatever taken to the remarks so made. If the appellant desired to raise the question as to the right of the circuit judge to make the remarks, he should have excepted at the time; but, under our practice, if he made no objection at the time, his silence will be regarded as a waiver of all objection that might have been made to what was said by the court.

Objection has been made to the decision of the court in instructing the jury. It is claimed that plaintiff's second

instruction is faulty, because it submits the construction of a certain verbal contract to the jury. This is a misapprehension of the instruction. The jury were merely directed that if they found, from the evidence, that a part of the lumber was furnished on a verbal agreement made subsequent to the written contract, then they should find, from the evidence, what the terms of the contract were, and be governed by it. We perceive nothing improper in this charge to the jury.

The third instruction, it is claimed, nullifies that clause of the contract which provides for the measurement of the lumber by the defendant. The instruction directs the jury that the measurement should be in accordance with the requirements of the contract,—that the defendant had no right to reject lumber which complied with the contract because he did not consider it of that quality specified in the agreement. We think this was correct. While the defendant had the right to measure the lumber and pass upon its quality, he was not the sole judge, nor was his decision beyond review. If lumber was delivered, which, as a matter of fact, complied with the contract, he was bound to receive it, although in his private judgment it might not be of that quality which the contract required.

We perceive no substantial objection to plaintiff's eighth instruction.

The modification of defendant's fifth instruction, by striking out the words, "in his judgment," was done with the view to inform the jury that the decision of defendant in measuring the lumber as to its quality, was not absolutely final, but was subject to review, and as we have heretofore said, we regard this a correct interpretation of the contract.

The instructions, as a whole, presented the law as favorably to the defendant as he could expect or desire, and in this regard he has no just ground of complaint.

The judgment of the Appellate Court will be affirmed.

*Judgment affirmed.*