THE CHICAGO HANSOM CAB COMPANY

*v.*

JOHN HAVELICK.

*Filed at Ottawa November 26, 1889.*

1. NEGLIGENCE—*excessive damages—questions of fact.* On the trial of an action brought to recover damages for a personal injury, based on the charge of negligence of the driver of a cab in running over the plaintiff, the defendant contended that its servant exercised due care, and that the plaintiff was guilty of contributory negligence, and that the plaintiff exaggerated her injuries, and that the damages were excessive : *Held,* that all these questions were mere questions of fact, conclusively settled by the judgment of the Appellate Court affirming the judgment in favor of the plaintiff.

2. PRACTICE—*time to object—improper questions by the court and jury.* In case the court asks questions calculated to convey improper intimations to the jury, and thereby influence them, and the jurors ask improper questions, the party complaining should make objection to the questions at the time, and preserve exceptions to the ruling, otherwise he will be considered as having waived his objections, and can not urge them on appeal or error.

APPEAL from the Appellate Court for the First District;— heard in that court on appeal from the Superior Court of Cook county; the Hon. JOHN P. ALTGELD, Judge, presiding.

Messrs. MONROE & MCSHANE, for the appellant.

Mr. JOSEPH S. KENNARD, and Mr. JOHN GIBBONS, for the appellee.

Mr. JUSTICE BAILEY delivered the opinion of the Court:

This was an action on the case, brought by Sophie H. Havelick against the Chicago Hansom Cab Company, to recover damages for a personal injury,   The evidence shows that, on the 22d day of March, 1887, the plaintiff, immediately after alighting from a street car at the corner of Madison and Franklin streets, Chicago, was knocked down and run over by

a horse and cab of the defendant in charge of one of its servants or employes and injured.   A trial before the court and a jury resulted in a judgment in favor of the plaintiff for $3500 and costs, and said judgment having been affirmed by the Appellate Court, the record is now brought here by appeal from the judgment of that court.

In the trial court the defendant contended that its servant exercised due care, and that the plaintiff was guilty of contributory negligence.   It also contended that the plaintiff had greatly exaggerated the nature and extent of her injuries, and that even if the defendant was liable, the damages awarded by the jury were grossly excessive.   All of these questions are mere questions of fact which have been conclusively settled by the judgment of the Appellate Court and they are not open for review here.

No error is assigned by the defendant calling in question the instructions to the jury, and indeed none could be, since no instructions were given except those asked by the defendant, and all those which the defendant asked were given without modification.

Complaint is made of the conduct of the court in asking certain questions of witnesses for the defendant, and in permitting certain of the jurors to ask various questions of said witnesses.   It is contended that the questions asked by the court, and, especially the manner in which they were asked, gave to the jury improper intimations of a bias or leaning on his part in favor of the plaintiff, and that the questions asked by the jurors also showed a strong bias on their part in the same direction.   We have examined the matters thus objected to, so far as they are disclosed by the record, and fail to find anything of which the defendant can now have just cause of complaint.   We have no means of knowing the manner in which either the judge or jury propounded their questions except from the language of the questions themselves as preserved in the bill of exceptions.   From what we can thus see, we find

nothing which, under the circumstances of the case, seems to us to be especially objectionable, or which could probably have had any improper influence upon the verdict of the jury.

But there is another insuperable difficulty in the way of sustaining the error here assigned which makes further discussion unnecessary. No objection was made at the time to the asking or answering of any of the questions now complained of, and the court was called upon to make no rulings in relation thereto, and no exceptions whatever were preserved in respect to any of said matters. It is now too late to object for the first time to proceedings which, if erroneous, should have been objected to at the trial. If the court asked questions calculated to convey improper intimations to the jury, we must presume that, upon proper objection, he would have instantly desisted, and would have applied a proper corrective to any mischief already done. If the jurors were asking improper questions, we must presume that, if objection had been interposed, the court would at once have put a proper restraint upon their conduct. By remaining silent, the defendant waived its objections, and can not be permitted to revive them now.

A number of objections were made by the defendant's counsel to the admission of evidence, and the decisions of the court overruling said objections are assigned for error. The discussion of these several objections would serve no useful purpose, and therefore all we need say is, that none of them seem to us to have been well taken.

We find no error in the record, and the judgment of the Appellate Court will accordingly be affirmed.

*Judgment affirmed.*