ANDREW LANQUIST

v.

THE CITY OF CHICAGO.

*Opinion filed December 16, 1902.*

| | |
|---|---|
| 200 | 69 |
| £200 | 395 |
| 201 | ¹415 |
| 200 | 69 |
| 206 | 449 |
| 200 | 69 |
| 208 | ⁴106 |
| 200 | 69 |
| 210 | ² 44 |
| 111a | ²481 |

1. APPEALS AND ERRORS—*when condemnation verdict will stand on appeal.* The amount awarded by the jury as damages in condemnation will not be disturbed on appeal, where the evidence was conflicting and the jury viewed the premises.

2. SAME—*objection to improper remarks cannot be first urged on appeal.* Alleged improper remarks of the trial judge cannot be made the basis of an objection on appeal, if no objection was made or exception taken thereto in the court below.

3. EMINENT DOMAIN—*when price which owner paid for property is not admissible in evidence.* The price which the owner paid for the property is not admissible in evidence upon the question of damages in a condemnation proceeding, where the purchase occurred some seven years before the filing of the petition.

4. SAME—*price paid for three lots not admissible in proceedings to condemn two of them.* The price paid for three lots is not admissible in evidence in a proceeding to condemn two of them, where there is a difference in the testimony as to the value of the lots, and there is no way of estimating, except by guesswork, how much of the purchase price was given for the two lots sought to be condemned.

5. SAME—*sales must be voluntary to authorize proof thereof on question of value.* Proof of the price paid for property is not admissible upon the question of damages in condemnation, where the purchaser only paid a portion of the purchase price in cash and as to the balance canceled an indebtedness due to him from the vendor.

APPEAL from the Circuit Court of Cook county; the Hon. FRANK BAKER, Judge, presiding.

GEORGE P. MERRICK, for appellant.

DANIEL J. MCMAHON, and ANGUS ROY SHANNON, for appellee.

Mr. CHIEF JUSTICE MAGRUDER delivered the opinion of the court:

This is an appeal from a judgment in a proceeding to condemn, under the Eminent Domain act, two vacant lots, to-wit, lots 37 and 38 in block 2 in Central Park sec-

ond addition to Chicago, located near the corner of Kedzie avenue and West Adams street in the city of Chicago, for a school site. The petition for condemnation recites, that the board of education in the city of Chicago reported its failure to agree with the owners of said property as to the compensation to be paid them to the city council, and that the city council by resolution concurred in the request of the board to acquire title to the lots in question, as provided by the law of eminent domain. Upon the trial of the case, the jury returned a verdict, finding the compensation to be paid to the owner of lots 37 and 38 to be the sum of $5350.00. Motion for new trial was overruled, and judgment was entered in accordance with the verdict. The petitioner was required to pay to the county treasurer for the benefit of the owners of the several lots, sought to be condemned, certain sums, and, among others, to the owner of and parties interested in said lots 37 and 38 the sum of $5350.00. Exception was taken by the respondent below, the present appellant, to the judgment.

After the jury had visited the premises, appellee, the petitioner below, called three expert real estate brokers, who placed the value of the lots at $100.00 per front foot, that is to say, at $5000.00 for both lots. Appellant also called three experts, one of whom placed the value of the lots at $150.00 per front foot, and two of whom placed the value of the lots at $145.00 per front foot. It thus appears that the evidence in the case is conflicting, and that there was a personal view by the jury of the premises sought to be condemned. The conclusions drawn by the jury from their view are in the nature of evidence. What they learn from their examination of the premises may be considered by them in passing upon the testimony of the witnesses; and where the evidence is conflicting, they may resort to the results of their examination in determining the weight to be given to the conflicting estimates of the various witnesses, so that their verdict, if

supported by the testimony, will not be disturbed merely because it is contrary to what appears to be a preponderance of the evidence. "It is the settled doctrine of this court that the damage, awarded by a jury in a condemnation proceeding, will not be disturbed where the evidence is conflicting, and the jury viewed the premises." (*Rock Island and Peoria Railway Co.* v. *Leisy Brewing Co.* 174 Ill. 547). It cannot be said, therefore, that the verdict and judgment are not supported by the evidence, as appellant contends.

It is insisted by counsel for appellant that the trial judge made improper remarks in the presence of the jury. Whether the remarks made were proper or improper, the question as to their propriety or impropriety cannot now be raised in this court, because no objection or exception was taken thereto during the trial.

In *Mulliner* v. *Bronson,* 114 Ill. 510, we said (p. 514): "The remarks, which were made by the circuit court, were uncalled for by any question which arose in the case, but whether they should be regarded as error for which the judgment should be reversed, it will not be necessary to determine, for the reason that the record shows no exception whatever taken to the remarks so made. If the appellant desired to raise the question as to the right of the circuit judge to make the remarks, he should have excepted at the time; but, under our practice, if he made no objection at the time, his silence will be regarded as a waiver of all objection that might have been made to what was said by the court." (See also *Chicago Hansom Cab Co.* v. *Havelick,* 131 Ill. 179; *Hall* v. *First Nat. Bank of Emporia,* 133 id. 234).

The only material objection, insisted upon by counsel for appellant in his brief, is that the court below refused to allow the appellant to prove what he paid originally for the lots sought to be condemned. The offer of appellant's counsel upon the trial below was as follows: "I make the offer to show by this witness that he bought

these lots at a certain price, for a portion of which he received and satisfied a debt, and the balance of it he paid cash for."

Appellant's offer, taken in connection with the statement of his counsel made at the time, was objectionable upon three grounds: first, the time of the alleged purchase of the lots was in 1895, seven years before the present petition for condemnation was filed, and, therefore, was too remote; second, the purchase when made was of the two lots here in controversy, and of another lot adjoining them numbered 36, and the purchase price was paid, so far as it was paid, for the three lots together, and, as there was some difference in the testimony as to the value of the lots, the total cost could not be apportioned to the different lots; and third, appellant did not pay all cash for the lots when he purchased them, but only paid a portion of the purchase price in cash, and, as to the balance, canceled an indebtedness due to him from the vendor of the lots.

It may be true, as a general rule, that the price which the owner gave for the property may be put in evidence. (6 Am. & Eng. Ency. of Law, pp. 618, 619, 621; Mills on Eminent Domain, sec. 168; Lewis on Eminent Domain, sec. 444). But it must appear that the owner has purchased the property within a time so recent, that its cost will afford a fair indication of its present value. In a proceeding for condemnation of property, the fair cash value of the property at the time of the filing of the petition for condemnation is the sum, which the owner is entitled to recover as damages. (*Jacksonville and Southeastern Railway Co.* v. *Walsh,* 106 Ill. 253). In order to determine such value, evidence may be introduced of sales of similar property in the same neighborhood, but it must appear that such sales were made at or about the time of the filing of the petition. (*Peoria Gas Light Co.* v. *Peoria Terminal Railway Co.* 146 Ill. 372; Lewis on Eminent Domain, sec. 444; *Culbertson & Blair Provision Co.* v. *City of*

*Chicago*, 111 Ill. 651; *Chicago Terminal Transfer Railroad Co.*
v. *Bugbee*, 184 id. 353). Here, the purchase of appellant,
instead of being at or near the time at which the value
was to be determined, occurred seven years before that
time. In *Peoria Gas Light Co.* v. *Peoria Terminal Railway
Co. supra*, we said: "The theory upon which evidence
of sales of other similar property in the neighborhood,
at about the same time, is held to be admissible is, that
it tends to show the fair market value of the property
sought to be condemned." It cannot be said that evi-
dence as to the cost of the property seven years before
the time of condemnation necessarily shows the present
market value thereof. In the lapse of the intervening
time the value may have risen or fallen to such an ex-
tent, as to make the cost at the time of purchase either
too high or too low.

When appellant acquired the three lots, 36, 37 and 38,
he bought them for a total sum, and there can be no way
of estimating, except by guesswork, how much of the
purchase price was given for the two lots here in con-
troversy, and for the third lot not here in controversy.
(*City of Chicago* v. *Spoor*, 91 Ill. App. 472).

But the principal objection to the offer made by the
appellant is, that he took the lots from an insolvent
debtor in payment of a previous indebtedness due to him,
to the extent at least of a part of the purchase money
paid for the lots. The rule, that permits proof of other
sales in order to show value, requires that such sales
should be made in a free and open market, and where a
fair opportunity for competition exists. Proof of such
sales, in order to justify proof of them as a basis of
determining value, must show that they were not com-
pulsory, but voluntary. In *Peoria Gas Light Co.* v. *Peoria
Terminal Railway Co. supra*, we said: "Accordingly among
the various decisions in this or other States, to which our
attention has been called, or which our own researches
have discovered, we find none, in which the price paid at

a forced or compulsory sale has been admitted as competent evidence of value." A sale is not a fair criterion of value when it has been made as a compromise, or in settlement of a previous debt. It may be in such case that the party, taking property in payment of his debt, has no option to refuse to take it. He may be obliged to elect between the acceptance of the property at the price, at which it is offered to him on the one hand, and the delay, uncertainty and trouble of legal proceedings on the other. Hence, a price, so fixed by compromise, is not a reasonable test of market value, nor in any sense a sale or purchase in the market. The jury are not to consider the price, at which the property would sell for under special or extraordinary circumstances, but its fair cash market value, if sold in the market under ordinary circumstances for cash, and not on time, and upon the assumption that the owner is willing to sell and the purchaser is willing to buy. The purchase of land in part payment of an existing indebtedness is not a sale for cash, but is somewhat similar to an exchange of property. (*Peoria Gas Light Co.* v. *Peoria Terminal Railway Co. supra; O'Hare* v. *Chicago, Madison and Northern Railroad Co.* 139 Ill. 151; *Rock Island and Peoria Railway Co.* v. *Leisy Brewing Co. supra; Hollingsworth* v. *DesMoines and St. Louis Railway Co.* 63 Iowa, 443; *Dietrichs* v. *L. & N. R. R. Co.* 12 Neb. 225; *Mifflin Bridge Co.* v. *Juniata Co.* 144 Pa. St. 365; *SanAntonio and A. P. Ry. Co.* v. *Ruby*, 80 Tex. 172; *Brown* v. *Calumet River Railway Co.* 125 Ill. 600).

In view of the considerations thus presented, we are unable to say that the court below committed any error in excluding the offer so made by the appellant.

The judgment of the circuit court of Cook county is affirmed.                    *Judgment affirmed.*