The Illinois Central Railroad Company, Appellant, *vs.* Nancy A. Stewart *et al.* Appellees.

*Opinion filed October 16, 1914.*

1. Easements—*what necessary to establish easement of private roadway.* To establish an easement of a private roadway over railroad tracks requires proof of the existence of the same elements that must be proved to establish a highway by prescription, and the use must have been adverse, uninterrupted, continuous and under a claim of right.

2. Eminent domain—*when defendant is not entitled to damages for destruction of private roadway.* In condemnation the defendant is not entitled to damages for the destruction of a private roadway to his property over the petitioner's tracks even though the same has been in use for forty years, where there is nothing in the record to show that such use has not been entirely permissive, as an adverse right cannot grow out of a permissive use.

3. Same—*when proof of what was paid for tract of land is not admissible.* In a proceeding to condemn a strip off of a tract of land for right of way purposes it is not competent for the petitioner to prove what the defendant's ancestor paid for the entire tract some sixteen years before the condemnation proceeding.

Appeal from the County Court of Pulaski county; the Hon. W. A. Wall, Judge, presiding.

W. W. Barr, C. E. Feirich, and L. M. Bradley, (Blewett Lee, and W. S. Horton, of counsel,) for appellant.

C. S. Miller, for appellees.

Mr. Justice Farmer delivered the opinion of the court:

Appellant, the Illinois Central Railroad Company, filed a petition in the county court of Pulaski county to condemn a small tract of land, 50 feet wide by 186 feet long, adjoining its right of way on the west side, in the village of Villa Ridge, in Pulaski county. The land sought to be condemned was twenty-one one-hundredths of an acre off the east side of a tract of land consisting of about one and

three-fourths acres belonging to appellees and occupied for residence purposes. The purpose of condemning this small strip of land adjoining the west side of appellant's right of way was to enable appellant to straighten a curve by moving its track about 64 feet west of its present location, and also to lower the track 14 feet below its present grade. Appellees, by cross-petition, claimed damages to land not taken. After hearing the evidence and viewing the premises the jury returned a verdict fixing the value of the land taken at $600 and damages to the land not taken at $400. From the judgment rendered by the court upon this verdict the petitioner has brought the record to this court for review, by appeal.

As we understand from the evidence, the property of appellees is higher than the present surface of appellant's tracks. In other words, it is a hill sloping towards the railroad. To sink the tracks 14 feet lower than they now are, at the place it is proposed to change them to, 64 feet west of their present location, would require an excavation 35 feet deep at its deepest place in front of appellees' property, the west line of the excavation proposed being within 22 feet of the west line of the land sought to be condemned. There is no public street or highway leading to appellees' property. Ingress to and egress from it has been by cartway over appellant's right of way from the premises to a public highway to the south and for foot passengers by a path across appellant's tracks. The land taken and the improvement proposed by appellant would destroy both the cartway and pathway, and appellees claimed damages on that account and offered proof to sustain such claim. The court instructed the jury that the destruction of the pathway was not an element of damages proper to be considered, but, over appellant's objections, permitted proof of damages on account of the destruction of the cartway. At the conclusion of the evidence the court instructed the jury as follows:

"That if you believe, from the evidence, that the defendants in this case have obtained a right to use a cartway over the petitioner's right of way and that the said cartway has occupied the same definite line or way over petitioner's right of way for the space of twenty years or more, and that the said cartway has been used by the defendants and their grantors for twenty years by consent of the petitioner, then this is a right that is of value to these defendants in getting to and from their premises; and if you believe, from the evidence, that the proposed improvement will destroy this right of way and that said destruction will depreciate the market value of the property, then you have a right to take that into consideration in arriving at your verdict."

The admission of proof of damages on account of the destruction of the cartway, the giving of said instruction, and the refusal to admit certain proof on the value of the property, hereafter referred to, are the principal grounds relied upon for a reversal of the judgment.

The only testimony as to the character of the cartway was, that it had existed and been used as a means of ingress to and egress from appellees' property for more than forty years. It is not claimed that it was a public highway or that the public had any interest in it, but it is claimed the owners of the property acquired a right to it as a private way to and from the property by using it for that purpose more than twenty years. To establish an easement in the land of another for a right of way to and from adjoining property requires proof of the existence of the same elements that must be proved to establish a public highway by prescription over private property. The use must be adverse, uninterrupted, exclusive, continuous and under a claim of right. (*Schmidt* v. *Brown*, 226 Ill. 590.) Where the use is merely permissive by the owner it is not adverse and forms no basis upon which a right of way by prescription can rest. The use of vacant, unenclosed and

unoccupied land will be presumed to be by permission and not adverse. (*O'Connell* v. *Chicago Terminal Railroad Co.* 184 Ill. 308, and cases there cited.)   An adverse right to an easement cannot grow out of a mere permissive enjoyment for any length of time. (*City of Quincy* v. *Jones,* 76 Ill. 231.)   There is no proof in the record that appellant's right of way over which the cartway ran was ever enclosed, or that appellees or their predecessors in title ever asserted or claimed any adverse right against appellant. For all the proof shows, the use of this cartway by appellees and their predecessors in title was permissive, merely, and in the absence of any proof of an adverse claim the presumption is that the use was by appellant's permission. No prescriptive right, according to all the authorities, can grow out of such use, no matter how long it continues.   A number of appellees' witnesses testified that the principal damages sustained by appellees would result from the destruction of the passageway to and from the premises over appellant's right of way.   It is apparent the damages must have been materially less if the destruction of said cartway had not been permitted to be proved and considered by the jury as an element of said damages.   Under the proof the court erred in permitting this question to be considered.

Appellant offered to prove that Robert C. Stewart, appellees' ancestor from whom they derived title, bought the entire tract of land here in controversy, together with two additional lots, about sixteen years ago, for $500 and sold part of it for $200, making the cost of the one and three-fourths acres $300.   There was evidence tending to show that the village had not increased in population in twenty years and that the property had not increased in value, and there was no evidence of the sale of any property in the immediate vicinity of appellees' premises.  The court sustained appellees' objections to proof of what the property was bought for sixteen years ago, and appellant insists this evidence, in view of the other testimony referred to, should

have been admitted. The material question to be determined was the present value of the property taken and the damage to the present value of the property not taken. In some cases it has been held competent to prove what the property sold for prior to the condemnation, but we do not think the proof was competent in this case. The sale was at a period too remote to be of any aid in determining the present value. *Lanquist* v. *City of Chicago,* 200 Ill. 69.

For the errors indicated the judgment will be reversed and the cause remanded, the costs of this appeal to be taxed to appellant.

*Reversed and remanded.*