(No. 20290.—

THE FOREST PRESERVE DISTRICT OF COOK COUNTY, Appellant, *vs.* JOHN HAHN *et al.* Appellees.

*Opinion filed December 18, 1930.*

GEORGE A. BASTA, and FRANK S. RIGHEIMER, for appellant.

COBURN, KEARNEY & COBURN, and IRVIN ROOKS, (MARSHALL V. KEARNEY, of counsel,) for appellees.

Mr. JUSTICE DEYOUNG delivered the opinion of the court:

The Forest Preserve District of Cook county filed a petition in the circuit court of that county for the condemnation of an improved parcel of land owned by John Hahn and Rose Hahn, his wife. The jury returned a verdict fixing the compensation to be paid for the property at $40,000. Judgment was rendered on the verdict, and the petitioner prosecutes this appeal.

The property involved in this proceeding is situated at the northwest corner of Ninety-first street and One Hundredth avenue in a sparsely settled region near Mount Forest, a village in Cook county, southwest of the city of Chicago. The ground is approximately 270 feet in width by 600 feet in depth; it comprises 3.68 acres, and is wooded to some extent and there are several buildings on the land. The principal building is of frame construction, two stories in height, about 25 feet wide by 72 feet long, and it has a bar-room, three dining rooms, a storage room and a bedroom on the first and ten bed-rooms on the second floor. The building is upwards of thirty years old; it has no plumbing, sewer or heating system; it is heated by stoves and water is drawn from a well. To the rear stand a one-story frame building, twenty-five by thirty feet, and an old two-story brick and frame structure twenty by thirty-eight feet in size. The other buildings are a two-car frame garage, a one-story barn, a dance pavilion thirty by forty feet, an ice house, an open wagon shed and a motor house. The appellees devoted the property to the operation of a road house and also, in season, to the entertainment of picnic parties.

The witnesses for both parties agreed that the highest and best use to which the property could be put was the

use to which the appellees devoted it. Four real estate brokers, qualified by experience, were called by the appellant, and they severally fixed the fair cash market value of the property as of the day on which the petition was filed at $20,000, $14,922, $18,680 and $20,989. Of the witnesses called by the appellees, the broker who had negotiated the sale of the property to them testified that it was worth $55,000; a former brewer who had owned road houses and picnic grounds, fixed its value at $50,000; a builder appraised the value of the buildings at $15,562 and the appellee John Hahn testified that he had paid $45,000 for the property. The deed to the appellees, reciting this sum of money as the consideration for the conveyance, was admitted in evidence. The appellant sought to show by a witness in rebuttal that the fixtures in the premises and the good will of the business were included in the consideration recited in the deed. On objection by counsel for the appellees, the proffered testimony was excluded.

It is first contended by the appellant that the court erroneously admitted testimony concerning the value of the business conducted in the premises by the appellees. The real estate broker who negotiated the sale to the appellees testified on cross-examination that in fixing the value of the property at $55,000 he "figured it from the business standpoint," * * * "the amount of business that the man has been doing. There were some times when you couldn't get into the premises. And at the rate he was charging for chicken dinners and the amount of people that came in there, the man could double his money in a certain length of time." The former brewer testified on cross-examination that in arriving at his estimate of $50,000 as the value of the property, neither land nor buildings entered into his calculation, but that he considered solely the question whether the location of the property was suitable for the conduct of the business in which the appellees were engaged. He was then asked whether a site of equal size

across the street or within two blocks from the appellees' property, at the intersection of two roads and improved with buildings of the same kind as the appellees, would also be worth $50,000. He answered that he could not tell because he had known a man who operated a road house on one corner and prospered, while, after he removed his business to a more advantageous location, he failed. Thereafter a motion was made by counsel for the appellant to strike out the testimony of these two witnesses with respect to the value of the property in question. The motion was denied and an exception to the court's ruling was taken.

The measure of compensation to be awarded the owner of a parcel of real property taken by the exercise of the power of eminent domain is its market value for its highest and best use unless the property is of such a nature and applied to such a special use that it cannot have a market value, as, for example, a church, a college, a cemetery, a club house or a railroad terminal. (*City of Chicago* v. *Farwell*, 286 Ill. 415). The market value is the price which the owner, if desirous of selling would, under ordinary circumstances surrounding the sales of property, have sold the property for and what a person desirous of purchasing but not compelled to purchase, would have paid for it. (*City of Chicago* v. *Farwell, supra; Ligare* v. *Chicago, Madison and Northern Railroad Co.* 166 Ill. 249; *DeBuol* v. *Freeport and Mississippi River Railway Co.* 111 id. 499). The market value of property, under the Eminent Domain act, does not mean the value to the owner or to the purchaser, but the value of the property on the market. (*Pittsburg, Cincinnati, Chicago and St. Louis Railway Co.* v. *Gage,* 286 Ill. 213; *River Park District* v. *Brand,* 327 id. 294). In a case such as the present one where the property sought to be taken is not designed for or applied to a special use, the evidence should be confined to its market value; and all evidence of the volume of business that may be done in or upon the property or the profits that may arise therefrom

should be excluded. (*Jacksonville and Southeastern Railway Co.* v. *Walsh*, 106 Ill. 253). The testimony of the two witnesses concerning the value of the property in question introduced incompetent elements for the consideration of the jury and the motion to strike that testimony should have been granted.

The appellant makes the contention that the court erred in excluding the evidence offered in rebuttal that the consideration which the appellees claim they paid for the property included the fixtures in the premises and the good will of the business. The cost of the property is a fact which may be considered in determining its market value if it appears that the purchase was made within a period so recent that the price paid will afford a fair indication of its value at the time the petition was filed. (*Illinois Central Railroad Co.* v. *Stewart*, 265 Ill. 35; *Lanquist* v. *City of Chicago*, 200 id. 69; *Brown* v. *Calumet River Railway Co.* 125 id. 600). The grantors in the deed to the appellees, by a recital in the instrument, acknowledged the receipt of $45,000 as the consideration for the conveyance. This recital is not conclusive that the sum stated was actually paid for the property. (*Hagen* v. *Lehmann*, 317 Ill. 227; *Spence* v. *Accident Ins. Co.* 236 id. 444; *Brosseau* v. *Lowy*, 209 id. 405; *Lloyd* v. *Sandusky*, 203 id. 621, 630; *Koch* v. *Roth*, 150 id. 212). The appellees' evidence with respect to the price they paid for the property was subject to rebuttal, and the court erred in excluding the testimony offered by the appellant to show the actual consideration.

Complaint is made of three instructions given to the jury at the request of the appellees. Only one of these in-instructions needs to be considered. It reads:

"The court instructs the jury that in fixing the market value of the property sought to be condemned herein they may take into consideration with all the other evidence in the case the sale of this property to the respondents and the price that the respondents paid for the premises."

Since the appellant was not permitted to introduce testimony in contravention of the recital in the deed concerning the consideration, the instruction had a tendency to mislead the jury and should not have been given.

The judgment of the circuit court of Cook county is reversed and the cause is remanded to that court.

*Reversed and remanded.*