(No. 32778.—

THE CITY OF CHICAGO, Appellee, *vs.* DOROTHY PROVUS *et al.,* Appellants.

*Opinion filed September 24, 1953.*

SAMUEL T. LAWTON, and SAMUEL T. LAWTON, JR., both of Chicago, for appellants.

JOHN J. MORTIMER, Corporation Counsel, (WILLIAM H. SEXTON, and FRANK S. RIGHEIMER, all of Chicago, (FRANK S. RIGHEIMER, JR., and PAUL B. YOULE, of counsel,) for appellee.

Mr. JUSTICE MAXWELL delivered the opinion of the court:

The city of Chicago, appellee, filed an eminent domain proceeding in the circuit court of Cook County against Dorothy Provus and others, to condemn the south 14 feet of a certain lot designated as tract N-3, to construct an improvement as a part of its superhighway system. Later, a second petition was filed to condemn an additional triangular strip of said lot, designated as tract N-4. Appellants filed a cross petition to the original petition, which cross petition was ordered to stand as a cross petition upon the consolidation of the two causes. The jury awarded $11,135 as compensation for both tracts and specifically found that there were no damages to that portion of the lots not taken. A motion for a new trial was denied and appellants take a direct appeal from the judgment entered on the verdict.

Appellants are the owners of lots 23 and 24, which constitute a single, unbroken, unimproved tract of land on the north side of Chicago about seven miles from the Loop, with a combined frontage of 100 feet on North Sheridan Road and extending east along the north line of West

Hollywood Avenue 163 feet to Lake Michigan. Tract N-3 is fourteen feet wide off the south side of lot 24 adjoining Hollywood Boulevard, and tract N-4 is a triangular strip adjoining tract N-3 on the north and west, 43 feet parallel to Hollywood Avenue by 32 feet on Sheridan Road.

The city of Chicago, in conjunction with three other public bodies, has a plan for an improvement known as the North Route of the comprehensive superhighway system, commonly known as the North Outer Drive, which has been practically completed. The extension now proposed will be north from Foster Avenue (5200 north) to a connection with and into Hollywood Avenue (5700 north). The acquisition of the two tracts in question is to permit the widening of Hollywood Avenue and to make an easy turn from it into Sheridan Road to facilitate the flow of traffic around the corner.

Appellants contended that, in addition to the loss of a portion of their property, they would be damaged in their ownership of the remainder of the tract. In compliance with an order, they filed a bill of particulars setting up the items of damages claimed by them. Items one and two of the bill of particulars alleged the value of tracts N-3 and N-4 at $13,167 and $2408, respectively, and item three alleged damages to that portion of the lots not taken at $44,486. In addition, items four, five and six were claims for loss of an appraisal fee in connection with a proposed FHA loan, loss occasioned by inability to use architects' plans for an apartment building, and a claim for mortgage service charges.

Appellee's answer denied that appellants were entitled to the amount of damages claimed in items one, two, and three and denied that there was any basis for recovery of the damages alleged in items four, five and six. Before trial the court, after arguments, ordered the last three items excluded from the consideration of the jury. After assignment of the case, appellants moved for leave to file an

amended bill of particulars to include such items, with some amplifications, which motion was denied. The trial court offered to hear evidence on the question for the record outside of the presence of the jury, but appellants did not avail themselves of this opportunity.

The first and second assignments of error are based upon the court's withdrawal from consideration of the jury before trial of items four, five and six of the bill of particulars, and the refusal to permit the filing of an amended bill containing such items, respectively. Appellants' position is that they should have been allowed to make proof of expenditures alleged to have been made by them for financing, appraisal and architects' fees, and are entitled to be made whole by an allowance of damages to include such expenditures.

It has long been established by this court that the measure of compensation for land taken by eminent domain is the fair cash market value for the highest and best use to which it is available and the decrease, if any, in the fair cash market value of the part not taken. (*Forest Preserve Dist.* v. *Lehmann Estate, Inc.,* 388 Ill. 416; *City of Chicago* v. *Harbecke,* 409 Ill. 425; *Department of Public Works and Buildings* v. *Barton,* 371 Ill. 11.) The market value standard thus established precludes taking into consideration as a measure of damages the peculiar value to the owner because of some contemplated improvement by which he hoped to secure an income or profit. (*Forest Preserve Dist.* v. *Hahn,* 341 Ill. 599; *Sanitary Dist.* v. *Chicago and Alton Railroad Co.* 267 Ill. 252.) Since the outlay of capital for future use planning and financing of improvements to vacant land cannot be said to increase the market value thereof, such outlay comes within the exclusion and should not be considered in ascertaining the fair cash market value.

Appellants cite several cases in support of their position, including *Metropolitan West Side Elevated Railroad Co.* v.

*Siegel,* 161 Ill. 638. There the award included damages for cost of removal and loss of profits, and our decision upheld the award. But, as we said in *Braun* v. *Metropolitan West Side Elevated Railroad Co.* 166 Ill. 434, in commenting upon the *Siegel case,* "the allowance of such items in that case was sustained solely on the ground that petitioner had * * * conceded upon the trial that that might properly be considered." *Chicago, Burlington and Quincy Railroad Co.* v. *Naperville,* 166 Ill. 87, also cited, is distinguishable in that it involved damages to railroad property which does not have "market value," within the commonly accepted meaning of the term, and is in the category of special use properties, such as churches, school, *etc. Sanitary Dist.* v. *Pittsburgh, Ft. Wayne and Chicago Railway Co.* 216 Ill. 575.

The cases of *City of Chicago* v. *Koff,* 341 Ill. 520, and *City of Chicago* v. *Callender,* 396 Ill. 371, are distinguishable from the case at bar in that they involved the taking and destruction of part of the buildings and other improvements. There the elements taken into consideration made a part of the market value. We do not consider either case a departure from the long-established market-value rule. We are of the opinion that the trial court properly excluded evidence upon items four, five and six of the bill of particulars from the consideration of the jury. Likewise, since the amended bill of particulars was merely an amplification and enlargement of the original bill of particulars, the trial court acted entirely within its discretion in refusing to permit appellants to file the amended bill.

In view of our opinion herein expressed it is unnecessary to consider appellee's suggestion that appellants were precluded from raising the question of the exclusion of items four, five and six because of their failure to offer evidence in support of such items out of the presence of the jury.

All witnesses agreed that the highest and best use to which the property could be put was for apartment building purposes. Petitioner's witnesses, including Newton C. Farr, with vast experince in the construction and management of multistory buildings, testified unequivocally and positively that there was no damage to the portion of the premises not taken. Appellants' witnesses on the contrary testified that the market value of the remainder not taken would be reduced substantially. After a review of all the evidence, we are of the opinion that the verdict finding no damages to the land not taken was within the range of the testimony. The burden of proof was on appellants to show damages to the part not taken. They have not met that burden. It is the settled doctrine of this court that the damages award by a jury in a condemnation proceeding will not be disturbed when the evidence is conflicting, the jury views the premises and the amount of compensation fixed is within the range of the evidence, unless there appears to have been a clear and palpable mistake or the verdict was the result of passion or prejudice. (*Forest Preserve Dist.* v. *Chicago Title and Trust Co.* 351 Ill. 48; *Jefferson Park Dist.* v. *Sowinski*, 336 Ill. 390; *Southern Illinois and Kentucky Railroad Co.* v. *Johnson*, 321 Ill. 187.) In any event appellants do not assign as error the question of whether the verdict was within the range of the testimony and only comment on the proposition in reply to appellee's treatment of the subject.

The only remaining questions raised are as to the propriety of one instruction which was given and two which were refused.

Instruction 8, offered by appellee and given, read as follows: "The court instructs the jury that in considering damages, if any, to the property not taken, you should not take into consideration anything as an element of damages which is remote, or imaginary, or uncertain, or speculative,

even though mentioned or testified about by witnesses; but the only elements which you should take into consideration as tending to reduce the market value are those which are appreciable and substantial and which will actually lessen the market value of said property." This instruction, in practically identical form, was approved by this court in *Kiernan* v. *Chicago, Santa Fe and California Railway Co.* 123 Ill. 188; *Public Service Co.* v. *Leatherbee,* 311 Ill. 505, and *East St. Louis Light and Power Co.* v. *Cohen,* 333 Ill. 218. Appellants concede that the instruction is correct in the abstract but argue that it is proper only when evidence is based wholly or partially upon nonrecoverable elements, and that in this case the evidence did not contain any such elements.

We regard as highly speculative the observation by Arthur Kruggel, one of appellants' witnesses, "this additional traffic which creates noise, confusion, dirt, dust and everything which is undesirable, and people who have a choice would rather not live on that kind of a street that has a lot of traffic." Considerable space in the briefs is devoted to the question of whether the effect of traffic caused by an improvement was a certain and recoverable element of damage. We do not consider it necessary to dwell upon that proposition because of our belief that the record does contain nonrecoverable elements other than the effect of traffic. Since it is agreed that the instruction complained of is correct in the abstract, the jury could not have been misled.

Appellants complain of the court's refusal to give their tendered instruction 4 which reads as follows: "The jury is instructed that in addition to arriving at a fair cash market value of the land sought to be taken by the petitioner in this proceeding, you must also determine the question of whether or not the remainder of the property not taken will or will not be damaged, and if damaged, in determining the amount of such damages, you should consider

the use to which the parcel of land claimed to be damaged was put or adapted on the date of the filing of the petition herein." This instruction is substantially the same as appellants' instruction 7, except that it did not contain the last clause of the refused instruction.

It is well settled that where a refused instruction contains the same principles contained in other instructions given and the instructions given correctly state the law, it is proper to refuse the tendered instruction even though it also correctly states the law. (*Department of Public Works and Buildings* v. *Lambert,* 411 Ill. 183; *Central Illinois Public Service Co.* v. *Deterding,* 331 Ill. 277.) It was admitted by all parties that the property was vacant and that its highest and best use was for an apartment building. We do not believe that appellants were injured by the failure to give the refused instruction.

The last contention of appellants is that the court erred in refusing their tendered instruction 5, which attempted to define specific elements of damage to the land not taken and which could be considered, such as "the land not taken is put in a less desirable shape for development," and "that its use will be adversely affected by the traffic upon such highway caused by such improvement." The instruction tended to give undue emphasis and importance to certain portions of the evidence and it was not reversible error to refuse it.

After reading the whole series of instructions which were given, we are of the opinion that they fairly stated the law and that the jury was not misled.

We find no reversible error in the record. The judgment of the circuit court of Cook County is affirmed.

*Judgment affirmed.*