(37288.—

THE CITY OF CHICAGO, Appellee, *vs.* BERTHE MARTIN et al.—(PAUL CASPERS, Appellant).

*Opinion filed November 30, 1962.*

Samuel W. Block and Thomas W. McNamara, of
Chicago, (Thompson, Raymond, Mayer & Jenner, of
counsel,) for appellant.

John C. Melaniphy, Corporation Counsel, of Chicago,
(Sydney R. Drebin and Robert J. Collins, Assistants
Corporation Counsel, of counsel,) for appellee.

Mr. Justice House delivered the opinion of the court:

The city of Chicago instituted an eminent domain pro-
ceeding in the circuit court of Cook County to acquire,
among other parcels of real estate, a vacant tract of land
75 feet by 83 feet on the southeast corner of 47th Street
and Woodlawn Avenue as part of the Hyde Park-Kenwood
Urban Renewal Plan. The jury fixed the compensation at
$12,000 and judgment was entered on the verdict. Paul Cas-
pers, the property owner, appeals directly to this court con-
tending that the trial court erred in the admission and ex-
clusion of evidence, that the city's counsel made a prejudicial
and inflammatory argument to the jury, that the jury was
erroneously instructed, and that the trial court unduly re-
stricted his argument to the jury.

We direct our attention to petitioner's instruction 9
which was given over objection. It reads: "The court in-
structs the jury that it should not take into consideration as
a measure of fair cash market value of the subject property
the peculiar value to the owner because of some contem-
plated improvement by which he hoped to secure an income
or profit."

All of the witnesses agreed that the highest and best use
to which the property could be put was for income pro-
ducing, one-story retail store buildings. Each witness con-
sidered, among other things in arriving at his opinion of the
value of the land, the cost of constructing such buildings on
the property and the return that could be expected from
rentals. Defendant argues that he made no claim of "pe-
culiar value" because of a contemplated improvement and

the instruction therefore misled the jury into believing he was making a claim for a "peculiar value" and further that it told the jurors not to consider what all the witnesses testified was its highest and best use.

In its brief the city takes the position that because defendant does not disagree with the instruction as an abstract proposition, he cannot complain that it misled the jury. In oral argument before this court petitioner's counsel first tried to justify the instruction by stating: "He (Paul Caspers) said he visualized an improvement and the jury was instructed that it should not take into consideration a particular improvement or peculiar improvement as the fair, cash, market value." Counsel was thereafter asked from the bench "What is the meaning of the instruction" to which he replied: "Well, let us first look at the instruction and say what harm could it do. And secondly, I submit it has no effect one way or the other."

The petitioner's brief simply does not come to grips with the issue raised by defendant concerning the instruction. In oral argument petitioner's attorney either could not or would not explain the meaning of the instruction, although he stated that the purpose of the instruction was to remove from the jury's consideration a *peculiar improvement* that the land owner visualized.

The instruction is apparently based on a single statement made in *City of Chicago* v. *Provus*, 415 Ill. 618. The question there was whether the trial court had erred in its refusal to permit the land owners to make proof of expenditures for financing, appraisal and architect fees in connection with a contemplated improvement to the vacant land being taken. We held that these items of expense had a *value peculiar to the owner* and could not be considered as having increased the fair cash market value of the property.

The ambiguity of the instruction becomes most apparent when it is realized that the instruction speaks of "peculiar

value to the owner" and that the party who offered it did so for the purpose of removing from the jury's consideration a "peculiar improvement." And aside from the ambiguity of the instruction, there is no evidence in the record of a "peculiar improvement," nor did the land owner make a claim for compensation based on items that would be of value only to him. While not having any proper purpose in the case, we agree with defendant that the instruction could have misled the jury into believing that they should not consider that use which all the witnesses agreed upon as being highest and best use to which the property could be put.

It is unnecessary to decide whether the giving of instruction 9 would be sufficient in and of itself to warrant the granting of a new trial. In addition to the misleading instruction the jury heard a closing argument by petitioner's counsel which would leave one in doubt as to whether defendant's character and wealth or the fair cash market of his property was in issue. That petitioner's counsel must have realized his severe personal criticism of defendant would have an effect on the jury is borne out by his remark that "I have never said this in thirty-five years of practice to a jury, I have never assailed a respondent in a case as I have Mr. Caspers, because what he has tried to do in this case."

We are of the opinion that the misleading instruction together with the improper argument to the jury deprived defendant of a fair and impartial trial. The judgment of the circuit court of Cook County is reversed and the cause is remanded for a new trial.

*Reversed and remanded.*