City of Chicago, a Municipal Corporation, Plaintiff-Appellee, v. Harley Budd, Helen Pierce Kelley, and Tap Root, Inc., et al., Defendants-Appellants.

Gen. No. 53,663.

First District, Fourth Division.

February 4, 1970.

 

Samuel S. Cohon and Wexler & Wexler, of Chicago, for appellants.

Raymond F. Simon, Corporation Counsel, of Chicago, Robert E. Wiss, Special Assistant Corporation Counsel, and Earl L. Neal, Assistant Corporation Counsel (Robert E. Wiss, of counsel), for appellee.

MR. JUSTICE DRUCKER delivered the opinion of the court.

Defendants appeal from a judgment in an eminent domain proceeding commenced by the plaintiff, City of Chicago, under the Urban Renewal Consolidation Act (Ill Rev Stats 1961, c 67½, §§ 91.101 to 91.136) for the acquisition of property located at 1762 and 1764 North Larrabee Street in Chicago, Illinois. The case was tried before a jury which viewed the premises and returned a verdict in favor of defendants for $33,500 and a judgment was entered on the verdict.

On appeal defendants contend (1) that the trial court erred in sustaining plaintiff's objection to defense counsel's question asking plaintiff's expert witness to state whether or not his opinion of value constituted just compensation, and (2) that the trial court erred in sustaining plaintiff's objection to defense counsel's statement made during closing argument relating to the value of defendants' business.

The subject property is a parcel of land 58 feet in width by 144 feet in depth and consists of two city lots. The lot located at 1762 North Larrabee is improved with two frame buildings approximately 85 to 100 years old. The first floor of the property is used for a tavern-

beer garden business while the second floor is used for apartments. The lot at 1764 North Larrabee is a fenced-in vacant lot which is used as a beer garden.

Plaintiff's evidence consisted of the opinion of two expert witnesses highly qualified in the field of real estate brokerage and appraisal. The first expert witness described in detail the subject property and testified that in his opinion the highest and best use of the property was for commercial use and that in his opinion the fair cash market value of the property was $25,000.

Plaintiff's other expert witness had lived in the specific area surrounding the subject property for seven years and had been active in the operation, management and sales of property in this particular area since 1955. He described the history and geography of the area and testified that in his opinion the highest and best use of the subject property was for its present business or commercial and residential use and that the fair cash market value of the property was $26,000.

Harley Budd, a defendant, testified for the defense. He testified that he purchased the building and lot at 1762 North Larrabee under Articles for Agreement for Warranty Deed in August 1964 for $18,500 and that he purchased the property at 1764 North Larrabee in 1966 for $8,500. He made repairs to the buildings at considerable expense and had the vacant lot graded and smoothed. In his opinion the fair cash market value of the property was $140,000.

The defendants contend that the trial court erred in sustaining plaintiff's objection to counsel asking plaintiff's expert witness to state whether his opinion of value constituted just compensation. The question to which the objection was sustained was:

Q. "Would you say that this is just compensation for the owner of a piece of property located

at 1762–64 North Larrabee, the sum of twenty-six thousand dollars?"

Defendants argue that this ruling was grossly prejudicial "as the jury could only believe from such a ruling by the court that the defendant was not entitled to 'just compensation.'" Plaintiff, however, asserts that while an expert witness in an eminent domain proceeding is permitted to give his opinion as to the fair cash market value of the property, the witness cannot express his opinion as to the ultimate issue of just compensation as this is the very issue the jury is to decide. In Gillette v. City of Chicago, 396 Ill 619, 72 NE2d 326, the principal contention made by the appellant was whether or not the court erred in sustaining an objection to evidence of an expert witness upon the ground that the question called for an answer which was the very issue to be determined by the jury. The court at page 623 found that:

As early as Chicago and Alton Railroad Co. v. Springfield and Northwestern Railroad Co., 67 Ill 142, the same question had been before this court for consideration. . . . We reversed the case upon the ground that it was an opinion covering the very question which was to be settled by the jury, and so conclusive of it as to leave to the jury no other duty but that of recording the finding of appellee's witnesses. We used this language: "It amounts to nothing more nor less than permitting the witnesses to usurp the province of the jury. By this we do not mean to be understood as holding that it is incompetent for experts, such as engineers, to give their opinions in this case in respect to matters which may form the proper ingredients of a verdict. But what we mean is, that, where the witness is an expert, and it is competent for him to

give an opinion as to such ingredients of a verdict, still it is not competent to ask the opinion of witnesses in such way as to have it cover the very question to be found by the jury."

In In re Appropriation by the Director of Highways, 120 Ohio App 273, 201 NE2d 889, the State brought an action to appropriate certain lands for a grade separation. Over the objection of the appellant one of the State's expert witnesses was asked and permitted to testify that $9,703 "would be total just and fair award." The court at page 895 concluded that:

". . . If an expert witness were permitted to characterize his testimony in this manner it would be just as logical to permit him to characterize and criticize the amounts testified to by other experts as constituting 'unfair and unjust' awards.

"In the case of Fowler v. Delaplain, 79 Ohio St 279, 87 NE 260, it was held:

" 'A question to a witness, which calls for his opinion on the precise issue of fact which the jury is sworn to determine from the evidence, is incompetent.' "

"It is our opinion that for an expert witness in an appropriation action to be asked and to confirm his opinion as to value as being a 'total just and fair award' likewise invades the province of the jury on the precise issue of fact which the jury is to determine, and that to admit such evidence over objection constitutes an abuse of discretion by the court and error prejudicial to the appellant."

■ We find that no error occurred when the trial court refused to permit the expert witness to give his conclusion as to the ultimate issue of just compensa-

55

tion. We further find that the court's ruling did not prejudice defendants' case.

Defendants also contend that the trial court erred in sustaining plaintiff's objection to defense counsel's statement made during closing argument relating to the value of defendant Budd's business. During the closing argument defendants' counsel stated:

> "And, as property owners, you have a conception of what it cost in August of 1967 to put that type of building back into its original state, I would say that *that type of business* is worth a sum of $140,000 at the present market value as to what they are getting in the Old Town area, or that type of property." (Emphasis supplied.)
> MR. PLATT: "Objection, your Honor."
> THE COURT: "Sustained."

Defendants argue that this statement was a reasonable inference drawn from the evidence and that the court's ruling was prejudicial since the jury might infer that defendant Budd's valuation figure of $140,000 was improper.

■ The statement made by defendants' counsel referred to the value of Budd's "type of business." However, no evidence was introduced relating to the value of this business. Furthermore, in an eminent domain proceeding where the property sought to be taken is not applied to some special use, the evidence should be confined to the subject property's fair cash market value, and all evidence of the volume or profits of the business conducted upon the property should be excluded. Forest Preserve Dist. of Cook County v. Hahn, 341 Ill 599, 173 NE 763; Department of Public Works and Buildings v. Lambert, 411 Ill 183, 103 NE2d 356; City of Chicago v. Central Nat. Bank in Chicago, 5 Ill2d 164, 125 NE2d 94; and Chicago Land Clearance Commission v. Darrow, 12 Ill2d 365, 146 NE2d 1.

56

■ During closing argument defendants' counsel did argue without objection that the fair cash market value for the subject property was $140,000, that values had risen greatly in the Old Town area, that the subject property had been greatly improved since its purchase, and that the subject property was a landmark. Furthermore, the jury was instructed to base their verdict on the testimony, exhibits and view of the premises, that any ruling or remarks made by the court did not indicate the court's opinion as to the facts, that the jury was the sole judge of the credibility of the witnesses, and that the amount of the verdict had to be within the range of the evidence. After carefully reviewing the entire closing argument we are of the opinion that the trial court's ruling was proper and did not prejudice defendants' case.

As we have found no prejudicial error in the proceedings and the jury having returned a verdict within the range of the evidence, the judgment is affirmed.

Affirmed.

STAMOS, P. J. and ENGLISH, J., concur.