THE CITY OF CHICAGO IN TRUST FOR THE USE OF SCHOOLS, Petitioner-Appellee, *v.* AMERICAN NATIONAL BANK AND TRUST COMPANY OF CHICAGO, Trustee under Trust Agreement dated January 10, 1967, and known as Trust No. 24454, *et al.,* Defendants-Appellants.

(No. 56152;

First District—September 28, 1972.

Sidney L. Rosenfeld, of Solomon, Bush, Rosenfeld & Elliott, of Chicago, for appellants.

James W. Coffey and Frank S. Righeimer, both of Chicago, for appellee.

Mr. PRESIDING JUSTICE McGLOON delivered the opinion of the court:

In July, 1970, the petitioner filed its petition to condemn a vacant tract of real estate located in the 6600 block of South Kenwood Avenue, Chicago, Illinois. Defendants were the individual owners of the property, and the American National Bank was beneficial owner and trustee of the property under a land trust. A jury trial was held wherein the testimony of both sides was heard, and the jury viewed the property for

themselves. The jury returned an award of $11,000 as compensation for the property, and the trial court entered judgment thereon. The defendants appeal.

We affirm.

At trial the petitioner called but one witness. That witness was a real estate broker, and he testified as an expert that, in his opinion, the property had no use whatsoever and was worth only $7700 or $7800 as of the date the petition was filed.

The defendants called three expert witnesses who were professional appraisers. Each testified that the highest and best use of the property was for multi-unit apartment buildings. Their respective estimates as to the fair cash market value of the property on the date the petition was filed were $36,500, $30,400 and $29,000.

One of the individual defendant owners of the property was also called as a witness. He testified that he was in the business of developing low and middle income housing. Over objection he testified that along with his partner he had taken the preliminary steps of developing an 80-unit building on the property and that they had acquired the services of an architect. After the petitioner's objection was sustained, the defendants made an offer of proof that the witness had secured plans for a 79 or 80-unit structure, had secured a tentative F.H.A. commitment for financing, had secured primary financing from Republic Mortgage Company and was prepared to erect the building on the subject property when he received notice that the Board of Education wanted it.

On appeal defendants argue that the exclusion of the testimony that defendants were developing the property for an 80-unit residential structure was prejudicial error. We do not agree.

■■ It is a well-established rule that the measure of compensation for land taken by eminent domain is the fair cash market value for the highest and best use to which it is available and the decrease, if any, in the fair cash market value of the part not taken. (*City of Chicago v. Provus* (1953), 415 Ill. 618, 114 N.E.2d 793.) The highest and best use is that to which the property is presently adaptable, even though it is not at the time being applied to such use. *Lombard Park District v. Chicago Title and Trust Co.* (1968), 103 Ill.App.2d 1, 242 N.E.2d 440.

*Chicago and Evanston R.R. Co. v. Blake* (1886), 116 Ill. 163, 4 N.E. 488, is one of the principal cases relied on by the defendants. In that case the Illinois Supreme Court was considering the admissibility of plans for a certain structure the owner had contemplated putting on the subject property for a number of years. The Court said at page 167:

> "Whether evidence of this kind is proper or improper, depends entirely upon the purpose for which it is offered and to which it is

limited by the court. If the object of such evidence is to enhance the damages, by showing such a structure would be a profitable investment, the testimony would be inadmissible.

If, on the other hand, it is offered merely as an illustration of one of the uses to which the property is adapted, or, in other words, by way of showing the capabilities of the property, and it is expressly limited by the court to such object, as was the case here, there will be no error in admitting it. *The practice, however, of introducing such evidence, should not be encouraged, as there is generally more or less danger of its being misunderstood by the jury.*" (Emphasis added.)

██ We think the jury was amply advised of the defendants' theory of the highest and best use of the subject property in the instant case. Each of defendants' three expert witnesses testified that such use was for a multi-unit apartment building and based their valuation of the property accordingly. The individual defendant-owner testified as to his taking preliminary steps to develop an 80-unit apartment building and of acquiring the services of an architect to this end. This testimony was not stricken nor was the jury advised to disregard it even though the objection to any further testimony concerning such plans was sustained. Finally, we can look at defendants' offer of proof to see just what evidence was excluded and the error, if any, that resulted. The facts that defendants had secured tentative mortgage financing commitments from F.H.A. and a primary financing commitment from another mortgage company were excluded, but this information could add nothing to the determination of the fair cash market value of the property for its highest use. (See *City of Chicago v. Provus, supra.*) Such information was only supplementary to the basic fact that the land was adaptable to and intended for a multi-unit dwelling which fact had already been testified to by the individual defendant-owner. The only other excluded evidence was the architectural plans for the alleged building. In view of all the testimony on highest and best use already heard by the jury, we think the exclusion of such plans was within the discretion of the trial court, and there was no error or abuse of their discretion in their refusal. *Department of Public Works and Buildings v. Lambert* (1952), 411 Ill. 183, 103 N.E.2d 356.

We find no prejudicial error occurred by virtue of the trial court excluding the evidence which it did.

Judgment affirmed.

DEMPSEY and McNAMARA, JJ., concur.