(No. 40617.—

GEORGE GOUKER, JR., Appellant, *vs.* WINNEBAGO COUNTY BOARD OF SUPERVISORS *et al.,* Appellees.

*Opinion filed July 13, 1967.—Rehearing denied August 14, 1967.*

4 seconds474

SCHAEFER, J., took no part.

PAUL E. HAMER, of Northbrook, for appellant.

WILLIAM R. NASH, State's Attorney, of Rockford, for appellees.

Mr. JUSTICE HOUSE delivered the opinion of the court:

Plaintiff, a resident of and a property owner in the city of Rockford, filed a declaratory judgment action attacking the validity of the Public Building Commission Act. (Ill. Rev. Stat. 1965, chap. 34 (Counties) pars. 3301 *et seq.*— to be transferred to chap. 85 (Local Government) as pars. 1031 *et seq.*) After ordering that additional parties be joined, the trial court struck the complaint and dismissed the action.

Plaintiff filed a petition for change of venue to some other county for the reasons set forth in attached affidavits. The reasons given are that the trial judge and other judges of the Seventeenth Judicial Circuit and the people of Win-

nebago County are prejudiced and biased and that he cannot have a fair trial in the county because of adverse publicity given this and similar cases and because defendants exert undue influence over the citizens. Counteraffidavits were filed denying any bias of the citizenry or influence over them. At the request of the original trial judge this court appointed a judge from the Fifteenth Judicial Circuit to hear the cause and he denied plaintiff's request for a change of venue from the county.

The venue statute provides that where prejudice of the inhabitants of the county or the undue influence of the adverse party over their minds is charged, the petition must be factual and supported by affidavits. The adverse party may controvert by counteraffidavits, "and the judge may grant or deny the petition as shall appear to be according to the right of the case." (Ill. Rev. Stat. 1965, chap. 146, par. 4.) This section has long been interpreted to place discretion in the trial judge to determine whether the petition shall be granted or denied and his determination will not be disturbed unless there is an abuse of discretion. (*Chicago and Alton Railroad Co.* v. *Harrington,* 192 Ill. 9; *People* v. *Pfanschmidt,* 262 Ill. 411.) We find no abuse of discretion in denying the petition.

This Act has been subjected to a number of constitutional attacks since its original adoption in 1955, (See *e.g. People ex rel. Adamowski* v. *Public Building Com. of Chicago,* 11 Ill.2d 125; *Bowman* v. *County of Lake,* 29 Ill.2d 268; *Bowman* v. *Lake County Public Building Com.,* 31 Ill.2d 575; *Berk* v. *County of Will,* 34 Ill.2d 588.) In each case it has been held to be free of the alleged constitutional infirmities reviewed.

The complaint in this cause is, in most respects, identical with that filed in *Berk* v. *County of Will,* 34 Ill.2d 588. The prayer for relief is identical and the same counsel appeared for the plaintiffs (as he did in the *Bowman* cases). Thirty-seven separate theories are raised by the complaint, 28 of

which attempt to raise constitutional issues, and each of the 28 were alleged in the *Berk* complaint. Plaintiff admits this, but he argues that while many points (41 in number) were made in the complaint, they were not passed on by the court.

In the *Berk* case Rule 39(1) (now amended Rule 341(e)(7)) was cited. *Berk* held that theories raised in the complaint had not been pursued or argued and were waived. The rule now reads in pertinent part: "Points not argued are waived and shall not be raised in the reply brief, in oral argument, or on petition for rehearing." The obvious purpose of the rule is to have counsel present in his opening brief those points raised in his complaint upon which he wishes to be heard and those which he does not include are waived. Plaintiff says, however, that neither the doctrine of *res judicata* nor the doctrine of *stare decisis* is applicable to points waived. Non-applicability of these doctrines is based, of course, on his own failure to follow through and pursue the theories raised in his complaint. The restricted application of the rule sought here is a distortion which counsel attempts to use for his own purpose. By the device of raising many theories in the complaint and then pursuing only a few of them, a persistent counsel bent on delay could file case after case by presenting and arguing only a few points raised in each complaint. We do not countenance this piecemeal review of the constitutional questions counsel has advanced in every case involving the Act. We will not hereafter apply the rule in a manner which, in effect, would aid this counsel in avoiding finality on the very constitutional issues persistently raised by him.

In a lengthy brief 22 points are set out under plaintiff's "Points and Authorities." Many have been raised and passed upon by this court in previous cases attacking the Public Building Commission Act and others are utterly lacking in specificity. Of course, a statute which has been held constitutional does not preclude us from later declaring it unconstitutional on other grounds, (*Grasse* v. *Dealer's*

*Transport Co.,* 412 Ill. 179,) but on the other hand, we are under no obligation to discuss the grounds raised and passed upon in previous cases. (See *Bowman* v. *Lake· County Public Building Com.,* 31 Ill.2d 575.) We will not enumer-ate the repetitious charges of unconstitutionality or invalidity, but will confine this opinion to those issues not heretofore passed upon in previous cases.

The trial court properly ruled that plaintiff was not entitled to a trial by· jury and, to avoid successive suits by one taxpayer after another, defendants' motion to make this a class action was allowed. (See *Johnson* v. *Halpin,* 413 Ill. 257.) As pointed out in *Berk,* this type of proceeding is neither legal nor equitable, but has characteristics of both.

Plaintiff makes several charges with respect to officers of the county, none of which has any merit. First, he says that the State's Attorney improperly represented the county and the Commission, but in support of his position, he merely cites the statute which provides that it is the duty of the State's Attorney to represent the county and its officers and is prohibited from receiving any fee or reward for services within his official duties. There are no allegations of the statute's violation. Next, it is asserted that the sheriff's perogatives may be impinged because counsel assumes, without pointing out how it is to be accomplished, that control of the jail is to be taken from the sheriff by the Commission. Plaintiff then charges that the Act permits public officials of other governmental units, (*i.e.* county) to be members of the Commission and allows payment of additional compensation to public officials in that they may receive reimbursement for expenses. This novel idea that reimbursement for expenses in the performance of official duties constitutes an unlawful increase in compensation is not supported by authority or logic.

Plaintiff attacks this Act on the ground that it was passed during a "stop-the-clock" session after midnight on June 30, 1955, after both Houses, by joint resolution, had

agreed to adjourn *sine die* on June 30, 1955, and attached an affidavit to the complaint by a member of the House of Representatives stating that such was the case. The journals of each house showed it to have been passed prior to the time adjournment was fixed. "The parliamentary history of an act or bill in the legislative journals  *  *  *  cannot be aided or contradicted by other documents or evidence of any kind." (*Sangamon County Fair and Agricultural Ass'n* v. *Stanard,* 9 Ill.2d 267, 276; *People ex rel. Myers* v. *Lewis,* 32 Ill.2d 506.) This point is not well taken.

Plaintiff argues that the complaint in *Berk* was filed prior to the 1965 amendments of the statute and that those amendments have not been passed upon by this court. The short answer is that he has not shown, nor do we find, how the 1965 amendments made any significant change which would affect this litigation.

There was a 1961 amendment to the Act which added section 14.1 (par. 3314.1 or 1044.1) to provide for interim financing of property for a site and pledge or mortgaging of a site. The complaint does not allege that any interim financing for purchase of a site has been done or is even contemplated, nor is there anything in the record or the briefs of the parties to suggest use by the Commission of the provisions of section 14.1. It is axiomatic that before a declaration of rights may be made there must be an actual controversy. (*City of Edwardsville* v. *Jenkins,* 376 Ill. 327; *Spalding* v. *City of Granite City,* 415 Ill. 274; *cf. International Business Machines Corp.* v. *Korshak,* 34 Ill.2d 595.) Since there is no showing that the interim financing provisions of the Act are involved, the issue of their constitutionality cannot be raised and passed on as abstract propositions of law.

Plaintiff argues that defendants' motion to dismiss admitted all well-pleaded facts and that dismissal under section 48 of the Practice Act, (Ill. Rev. Stat. 1965, chap. 110,

par. 48,) was not justified. "Motions to dismiss or strike a pleading admit facts well pleaded, but not conclusions of law or conclusions of fact unsupported by allegations of specific facts upon which such conclusions rest." (*Pierce* v. *Carpentier,* 20 Ill.2d 526, 531.) As noted in *Berk,* a number of separate grounds were alleged, many of which were neither specific nor complete and were almost the exact objections urged in the *Adamowski* case, and this court affirmed the dismissal. The allegations of this complaint are in turn practically identical with those in *Berk*. The complaint is largely in terms of abstract conclusions of law; and where facts are alleged, they are not sufficiently specific to support the conclusions. Under these circumstances the trial court was justified in granting the motion to strike.

Plaintiff complains that the trial court refused to permit an amendment to the complaint. The motion was verbal and made immediately after denial of his motion to reconsider and vacate its order of dismissal. There is no record of the actual motion, but the court's order denying the motion states that the suggested amendment was only to cite the Public Building Commission Act in the Local Government chapter of the revised statutes rather than the chapter on Counties and this is not denied in the briefs. There is no substance to this proposed amendment, and the trial court was entirely justified in denying the motion.

We find no error in the judgment of the circuit court of Winnebago County and it is, accordingly, affirmed.

*Judgment affirmed.*

Mr. Justice Schaefer took no part in the consideration or decision of this case.