MARY F. JENSEN, Plaintiff-Appellant, *v.* STANLEY R. CURRY *et al.*, Defendants-Appellees.

Third District   No. 76-232

Opinion filed February 17, 1977.—Rehearing denied March 28, 1977.

Clarence Shoemaker, of Aledo, for appellant.

Herbolsheimer, Lannon & Henson, P. C., of La Salle (R. J. Lannon, Jr., of counsel), for appellees.

Mr. JUSTICE STOUDER delivered the opinion of the court:

Plaintiff, Mary F. Jensen, appeals from a judgment of the circuit court of Bureau County entered in favor of defendants, Stanley R. Curry and Rockton Grain & Supply Co., Inc., after a jury had found for defendants in a general verdict. The suit had been brought by plaintiff to recover for personal injuries she received as a result of the allegedly negligent operation of defendants' truck.

The accident between plaintiff's car and defendants' truck occurred in Bureau County, Illinois at about 8:30 p.m. on the evening of October 18, 1972, at the intersection of the westbound exit ramp of Interstate 80 and Illinois Route 88. The westbound exit ramp curves around until exiting

traffic is facing east just before arriving at the stop sign on Route 88. It was nighttime when the accident happened. Stanley Curry was operating a loaded tractor-trailer unit which was equipped with two headlights on the cab and clearance lights positioned on the trailer. All these lights were burning both before and after the accident. When the accident occurred, Curry was attempting a left hand turn from the exit ramp into the northbound lane of Route 88. Plaintiff was driving her car south on Route 88. At the moment of impact, the tractor of the truck had cleared the southbound lane and was positioned straight north and south in the north lane, but the trailer still extended at an angle six to eight feet into plaintiff's southbound lane. Plaintiff's car struck the trailer at its rear wheels and both vehicles stopped almost immediately upon impact.

Just north of the intersection of Route 88 and the exit ramp there is a rise or knoll which obstructs the view of someone stopped for the stop sign on the exit ramp. Mr. Curry, the driver of the truck, estimated the knoll to be 1000 feet or more north of the accident scene. The State trooper investigating the accident testified the knoll was about one-quarter mile to the north. The officer also observed skid marks of 27 feet left by plaintiff's vehicle. A speed limit of 45 miles per hour is posted on Route 88 where the accident occurred.

In her testimony, plaintiff said that as she approached the intersection, she saw the truck and assumed it would stop, "but as I got close I could see something was wrong. So I hit the brakes and I didn't see him stop, I was hitting the brake and he hadn't stopped as I thought he would." Plaintiff admitted stating during her deposition, "I don't remember anything about the accident." In her deposition, she did remember approaching the intersection with nothing out of the ordinary apparent to her and that is the last she remembered. She testified in court that her speed at the time of the accident was 40 miles per hour.

Defendant Curry testified that he stopped at the stop sign and looked to the left, and then to the right, and back to the left again before entering onto Route 88. He stated that a loaded tractor-trailer unit requires about fifteen seconds to complete a left hand turn from a complete stop. When the front of the tractor reached the center of the southbound lane, Curry first saw plaintiff's car which, at that time, was about 100 yards away and he estimated the car's speed at 50 miles per hour or better. Curry continued to accelerate the truck in an effort to complete the turn and remove the trailer from the southern lane. Curry first heard the squeal of plaintiff's braking tires after the car had passed the cab of the truck. While the trailer was blocking six to eight feet of the southbound lane, Curry believed there was sufficient room for a car to go around the trailer while still remaining on the road. The first question posed on this appeal concerns the venue of plaintiff's action.

During the pretrial stage, plaintiff filed a petition for change of venue from Bureau County to La Salle County, alleging that plaintiff was "entitled to a jury free from prejudice against giving a high verdict for damages." Two affidavits were attached to the petition which stated that " * * * the juries of Bureau do not give as high judgment for damages in personal injury cases, as juries in surrounding and adjoining counties." No allegations were made that the judge assigned to hear the matter was prejudiced. Plaintiff contends that she had an absolute right to a change of venue. We disagree.

■■ Petitions for change of venue in civil cases are governed by sections 1 through 17 of the Venue Act. (Ill. Rev. Stat. 1975, ch. 146, pars. 1-17.) Section 4 of that act is concerned with situations where the prejudice of the inhabitants of the county is the basis for the petition. It provides in pertinent part:

> " * * * the judge may grant or deny the petition as shall appear to be according to the right of the case."

The clear import of the above quotation is that when the prejudice of the inhabitants of the county is the basis for the petition, the trial judge has the discretion to grant or deny the petition and his determination will not be disturbed unless there is an abuse of discretion. In *Gouker v. Winnebago County Board of Supervisors*, 37 Ill. 2d 473, 228 N.E.2d 881, the Illinois Supreme Court held this to be the applicable rule and found no abuse of discretion present.

While serious questions are presented as to whether plaintiff complied with the procedural requirements of section 4, it is unnecessary to discuss them since we believe the trial court was well within its discretion when it denied plaintiff's petition. We note parenthetically that plaintiff could have originally filed her lawsuit in Winnebago County, but choose to file in Bureau County instead. She now requests us to reverse the lower court decision and remand the action to La Salle County. We decline to do so. When plaintiff stated that she has an absolute right to a change of venue, she misconceives the applicable rule. A change of venue is an absolute right only when the petition seeks assignment of the action to a different judge (*People v. Wilson*, 37 Ill. 2d 617, 619, 230 N.E.2d 194, 196), not when the petition alleges the prejudice of the inhabitants of the county. See *Gouker v. Winnebago County Board of Supervisors*, 37 Ill. 2d 473, 228 N.E.2d 881.

■■ The second contention advanced by plaintiff is essentially that the jury's verdict is against the manifest weight of the evidence. To support her position, plaintiff states certain general rules of law regarding the right of way a driver on a preferential highway has over a vehicle on a cross-road; the duty of a driver stopped for a stop sign not to blindly proceed without determining that he can do so with reasonable safety; or the

axiom that a driver may not be heard to say that he did not see that which was plainly visible. We have no disagreement with plaintiff as to the correctness of those general propositions of law, but the evidence presented on behalf of both parties was such that only a jury could properly evaluate it in determining the issues of plaintiff's contributory negligence and defendants' negligence.

Three witnesses agreed that the rise to the north would mask the approach of an automobile such as plaintiff's to a driver stopped at the intersection. Curry testified that he looked to the north twice, but did not see plaintiff's car. Hence an issue of fact was presented as to whether it was possible for Curry to see plaintiff's car before proceeding to turn left. If the jury found that Curry could not see the plaintiff's car, then he would not be negligent in the operation of the truck. From the evidence it is also possible to infer plaintiff's contributory negligence, which would also support the jury's verdict in favor of defendant. If Curry's testimony is believed and the car was unobservable from the intersection, then upon reaching the crest of the hill plaintiff would have approximately one-quarter mile to observe a brightly lighted tractor-trailer unit making the left turn and either stop, slow down, or pull her car to the right to avoid the collision. Plaintiff's failure to do so suggests either excessive speed or failure to maintain a proper and adequate lookout, either which could constitute contributory negligence.

In *Pennington v. McLean*, 16 Ill. 2d 577, 158 N.E.2d 624, our supreme court was presented with issues similar to those on this appeal. The suit involved a traffic accident in which plaintiff's intestate had been killed after driving onto a preferential highway. Defendant contended that plaintiff's intestate was contributorily negligent as a matter of law and pointed to a statute relating to stopping at preferential highways in support of his position. Before holding that plaintiff's intestate had not been contributorily negligent as a matter of law, the supreme court discussed the application of the statutory standard and stated:

> "The Illinois decisions, however, do not provide a precise formula for determining whether a particular vehicle has conformed to set standards; that question must be determined by the jury (citations), and involves considerations as to relative speeds and distances of the vehicles from the intersection." (16 Ill. 2d 577, 583, 158 N.E.2d 624, 627.)

We do not believe that the evidence established either the plaintiff's due care or defendants' negligence as a matter of law.

■■ The last contention urged by plaintiff on this appeal relates to the instructions given at trial. However, plaintiff has failed to include a complete set of instructions in her abstract, providing instead the sole disputed instruction. Such a failure to abstract all instructions is fatal to

plaintiff's allegation of error and we will not consider the matter further. *Dempski v. Dempski*, 27 Ill. 2d 69, 187 N.E.2d 734.

For the foregoing reasons the judgment of the circuit court of Bureau County is affirmed.

Judgment affirmed.

ALLOY, P. J., and SCOTT, J., concur.