THE CITY OF FREEPORT, Plaintiff-Appellee, *v.* FULLERTON LUMBER COMPANY, Defendant-Appellant.

Second District    No. 80-523

Opinion filed May 28, 1981.—Rehearing denied August 11, 1981.

William B. Powell, of Reno, Zahm, Folgate, Skolrood, Lindberg & Powell, of Rockford, for appellant.

John G. Garrity, Corporation Counsel, of Freeport, for appellee.

Mr. JUSTICE HOPF delivered the opinion of the court:

This is an appeal by the defendant Fullerton Lumber Co. (hereinafter referred to as Fullerton) from a condemnation proceeding brought by the City of Freeport. An ordinance passed by the City of Freeport (hereinafter referred to as City) authorized the acquisition of title to certain real estate in order to accommodate the widening and improvement of Armstrong Avenue. A portion of said real estate (.3547 acre) was owned by Fullerton.

At the first part of the proceeding, Fullerton filed a motion to dismiss and traverse, contesting the City's right to condemn. They urged that the City had failed to show the necessity for the taking and that there was vacant land nearby that would be a more reasonable alternative. This motion was denied by the trial court.

A newspaper article in the Freeport Journal Standard was published prior to trial, and this article gave various appraisal figures obtained from counsel for the City. This article formed the basis for Fullerton's petition for a change of venue, in which it was urged that Fullerton would be unable to receive a fair trial in Stephenson County. Fullerton argued that the newspaper article prejudiced the inhabitants of the county. Fullerton's petition for a change of venue was denied.

While the previous motions were heard by the court, a jury heard the second portion of the proceedings, and testimony was considered by the jury to determine the value of the property taken and the amount of damage to the remainder. This testimony ranged between $6955 to $8260 for the value of the land taken, and $0 to $39,145 for damage to the remainder. The jury returned a verdict in the amount of $7500 for the land taken and $18,600 to compensate Fullerton for the damage to the remainder.

The property taken consisted of an area that Fullerton had been using for access to their loading docks and for a parking lot. Witnesses for Fullerton testified as to the problems that trucks would have in reaching the loading area, drainage problems and fewer parking places that would result from the improvement.

Fullerton presents six issues for review. It is alleged that the trial court erred, first, in denying Fullerton's motion to dismiss and traverse; second, in denying Fullerton's petition for a change of venue; third, in ruling on the admissibility of evidence concerning the costs of rehabilitation; fourth, in striking the complete testimony of the owner of the property; fifth, in making statements which prejudiced the jury; and sixth, in denying Fullerton's motion for a new trial and for an injunction.

Fullerton's motion to dismiss and traverse alleged that the City had

failed to show that the Fullerton property was necessary for the construction or improvement of a public road. Citing *Trustees of Schools v. First National Bank* (1971), 49 Ill. 2d 408, 274 N.E.2d 56, they contend that if the property owner contests the petitioner's right to condemn by traverse, the burden is on the petitioner to maintain his right to condemn by proper proof. Defendant Fullerton argues that the City failed to sustain its burden of proving the necessity for the taking. However, closer inspection of the cited case reveals that the City followed the proper procedure.

> "Defendant is correct in his assertion that the burden of proof on the issue of necessity is upon the petitioner. [Citation.] However, where a resolution of the governing body which makes the finding of necessity is introduced into evidence a *prima facie* case is made. It is then the duty of the defendant to go forward with evidence in support of his contention that there was an abuse of discretion by the governing body. [Citations.]" *Trustees of Schools v. First National Bank* (1971), 49 Ill. 2d 408, 414, 274 N.E.2d 56.

■■ Therefore, a prima facie case was made to show the necessity of the taking when the ordinance of the City was admitted into evidence (as Exhibit No. 1). At no time has Fullerton indicated that there was an abuse of discretion by the City. Rather, they argue that a different engineering design could have made the improvement by taking vacant, less valuable land.

■■ ■ Defendant Fullerton's witness, an engineer, gave an alternative realignment of the roadway that would have used property other than that owned by defendant. The fact that an alternative route could have been chosen does not indicate that the City abused its power by selecting the route that it did. The courts do not deny the right to condemn on the ground that the exercise of the power is unnecessary or not expedient. (*City of Chicago v. Vaccarro* (1951), 408 Ill. 587, 97 N.E.2d 766.) Defendants failed to sustain their traverse, and the trial court properly denied the motion to dismiss.

The second issue raised by Fullerton in this case concerns its petition for a change of venue. A newspaper article published in the Freeport Journal Standard contained quotes from the City's counsel giving various appraisal figures for the property which is the subject of this case. The petition was supported by affidavits of two employees of Fullerton stating that it was their belief that Fullerton would not receive a fair trial in Stephenson County because the article had prejudiced the inhabitants of the county.

Section 4 of the Venue Act (Ill. Rev. Stat. 1975, ch. 146, par. 4, now found in Ill. Rev. Stat. 1979, ch. 110, par. 504), provides that the judge, at his discretion, may grant or deny a motion based on prejudice of the

inhabitants of a county. While a change of venue may be an absolute right when assignment of a different judge is sought, a different standard exists when the petition alleges prejudice of the inhabitants of the county. *Jensen v. Curry* (1977), 46 Ill. App. 3d 155, 360 N.E.2d 975.

■■ The trial judge gave full consideration to the prejudicial effect the news article may have had on the minds of the jurors. The court stated that any venireman who were exposed to the article would be disqualified on voir dire. We do not find an abuse of discretion.

Defendant next argues that the court erred in striking the testimony of two witnesses. The first was Robert Evans, an employee of Fullerton, who testified about changes that would be made to the building and property. The second witness was Patrick E. Dargis, the president of Fullerton's Land Division, who testified as both owner and expert value witness.

Dargis testified that the value of the property taken was $7000 and that the damage to the remainder was $93,000. He testified on two separate days. The first day he gave his opinion as to the value of the property taken and the damage to the remainder, without objection by the City. During this testimony a conference was held in chambers at which time the judge stated he did not want Dargis to testify as to prospective or future plans. On the second day Dargis testified as to the basis for his figures and described specific problems that would be caused by the taking and the rehabilitation that would be required on the Fullerton property.

At no time did he testify as to any specific costs of such rehabilitation. The judge then struck the Dargis testimony, first as to the value and then struck it entirely. There was no cross-examination. Fullerton urges that the striking of this testimony was error and had the effect of lowering the upper limit of the range the jury could consider for damages.

■ ■ The trial court characterized the Dargis testimony as speculative future plans and not the proper basis for determination of a condemnation award. We do not agree with the court's assessment of this testimony. Examination of the testimony indicates that the witness was describing the damage to his property and the changes that were under consideration to make the remainder usable. It has been repeatedly held that the owner of property, if at all qualified, may testify as to value. (*Department of Transportation v. Harper* (1978), 64 Ill. App. 3d 732, 381 N.E.2d 843.) The Dargis testimony should have been allowed for consideration by the jury.

*Harper* describes special circumstances which would disallow owner testimony. Even then, the burden would be on the objecting party to show that the testimony has no probative value. This would be done by cross-examination and exposing the erroneous basis for the owner testi-

mony. We see neither special circumstances nor any opportunity for objecting counsel to expose an erroneous basis on cross-examination. If the owner of property has a realistic idea of the value of the property in question, his testimony should be allowed to go to the jury.

The cases cited by the City in support of the argument that the testimony was based on improper factors are inapposite. In *Department of Public Works & Buildings v. Greenwell* (1977), 45 Ill. App. 3d 159, 359 N.E.2d 780, testimony as to value by an appraisal witness was found to be incompetent when the witness considered that a highway would no longer be a through highway and that the defendant would suffer from a decrease in traffic past his business. It was held that the defendant had no property right in the highway or the traffic flow that would form a basis for testimony of damage to the remainder. It is important to note that in *Greenwell* the improper basis factors were brought out on cross-examination. In the case before us the owner's testimony was stricken prior to any cross-examination.

■■ The rule in Illinois for determining the diminution in market value of land not taken allows consideration of expenses made necessary by reason of the improvement in adjusting the property to the changed conditions brought about by the taking. Such costs cannot be recovered specifically and are not the measure of damages but are factors that can be considered in determining a reduction of the market value of the whole. (*Department of Transportation v. Galley* (1973), 12 Ill. App. 3d 1072, 299 N.E.2d 810.) Expenditures made and costs incurred in adapting the land to use after the improvement are relevant, if reasonable and economical, as evidence of the depreciation in value, but not as recoverable items in themselves. *Department of Public Works & Building v. Bloomer* (1963), 28 Ill. 2d 267, 191 N.E.2d 245.

In *Department of Conservation v. Kyes* (1978), 57 Ill. App. 3d 563, 373 N.E.2d 304, we were faced with a similar question when a contract purchaser was allowed to testify as to future plans for the property. In that case, Mr. Justice Guild stated at page 572:

> "* * * Our examination of this testimony convinces us that it was not offered for the purpose of showing the profitability of the proposed structure and thereby enhancing damages. Rather we agree with the defense that the testimony went to showing the adaptability of the property for such a use, * * *."

In *Kyes*, testimony as to future plans was held admissible and the objecting party was permitted to argue its theory that such future plans were not well founded. Because we find error we now consider whether such error was harmless.

■■ It is clear that where an award is made by a jury in an eminent domain proceeding in which the evidence is conflicting and the jury

views the property and fixes the amount of compensation within the range of the evidence, the verdict will not be disturbed unless there has been a clear and palpable mistake or a showing that the verdict was the result of passion or prejudice. (*Trustees of Schools v. Schroeder* (1961), 23 Ill. 2d 74, 79, 177 N.E.2d 178.) Here the jury viewed the property but the verdict was not within the range of the evidence because we have held that the Dargis testimony was improperly stricken. Inclusion of the Dargis testimony would have raised the upper limit of the values considered by the jury from $39,145 to $93,000 for damage to the remainder. The purpose of the proceedings in the trial court was to establish just compensation for the property owner. The exclusion of the Dargis testimony was palpable error and cannot be considered harmless.

A similar issue is raised by Fullerton with regard to the testimony of Evans, a Fullerton engineer whose testimony was also stricken in its entirety. Evans testified as to what would have to be done to the remainder to maintain the highest and best use of the land remaining after the taking. Evans did not testify as to any specific costs of rehabilitation. The City objected to his testimony as "meaningless" because it took into consideration factors not included by the appraisers who had previously testified.

Citing *City of Chicago v. Provus* (1953), 415 Ill. 618, 621, 114 N.E.2d 793, the City maintains that contemplated improvements and future use planning cannot be taken into consideration in determining damage to the remainder. We find this case distinguishable because *Provus* was addressed to future plans for vacant property. In the case before us, Evans was testifying as to changes to be made in order to continue using the property for a lumberyard. Therefore the Evans testimony was relevant to the determination of the diminution of the fair market value of the remainder. *Department of Transportation v. Jones* (1976), 44 Ill. App. 3d 592, 358 N.E.2d 402.

■■ Because of the fact that Evans was not testifying as owner nor even as an appraisal witness, the striking of his testimony would not be sufficiently prejudicial to warrant reversal of this cause. Because this issue is likely to arise on retrial, we do note that reasonable testimony and exhibits regarding rehabilitation are proper proof of damages to the remainder. Exhibit No. 8, insofar as it pertains to rehabilitation, would be admissible. The objection that it was prepared the night before is self-curing.

Fullerton's fifth argument alleges that the trial court made certain comments which prejudiced the jury. In support of them they have submitted an affidavit of one of the jurors indicating prejudice of the judge in favor of the City. Because this issue is unlikely to arise again on retrial, we will not address it here.

■■ The last issue raised by Fullerton is the contention that the court

should have granted a new trial and issued an injunction. The basis of this argument is that the City failed to post or execute the requisite bond prior to taking possession of the subject property and making the improvements. While late filing of such bonds cannot be condoned, the bond has now been filed, and we give no further directions as to this question.

The rulings of the trial court denying the defendant's motion to dismiss and traverse and denying the petition for change of venue are affirmed. The verdict assessing damages in the sum of $7,500 as just compensation for the taking of the defendant's land is affirmed. The verdict in the sum of $18,600 to compensate for damages to the remainder of the tract is reversed and remanded for a new trial.

Affirmed in part, reversed in part and remanded.

SEIDENFELD, P. J., and UNVERZAGT, J., concur.