CHRISTOPHER STOLLER, Plaintiff-Appellee, v. PAUL REVERE LIFE INSURANCE COMPANY, Defendant-Appellant.

First District (4th Division)  Nos. 86—2068, 86—2622 cons.

Opinion filed November 12, 1987.

Rita A. Long, of Naphin, Banta & Cox, of Chicago, for appellant.

Wilson Frost and Ronald H. Balson, both of Chicago (Sidney Z. Karasik, of counsel), for appellee.

JUSTICE JOHNSON delivered the opinion of the court:

Plaintiff, Christopher Stoller, brought an action in the circuit court of Cook County against defendant, the Paul Revere Life Insurance Company. Plaintiff sought specific performance on a disability income insurance policy that he bought from defendant. At the close of a bench trial, the trial court entered judgment for plaintiff and awarded him damages, attorney fees and costs.

Defendant appeals, contending that (1) the trial court committed reversible error in denying its motion for a change of venue, (2) plaintiff could not enforce the policy, (3) the trial court's findings were against the manifest weight of the evidence, and (4) plaintiff was not entitled to attorney fees for vexatious delay because a *bona fide* dispute existed between it and plaintiff.

We reverse and remand.

The record shows that plaintiff was a travelling salesman. His home base was the Wellington Corporation, with offices in Chicago, Il-

linois. Plaintiff was paid on a commission basis, between 5% and 10% of his sales. Defendant issued to plaintiff a disability income insurance policy on March 12, 1980. The policy paid monthly benefits of $2,000 for total disability and a lesser amount for partial disability, based on lost income.

On February 23, 1982, plaintiff flew to Dallas, Texas, to attend a sales convention. After arriving at the airport, plaintiff boarded a bus bound for his hotel. The bus malfunctioned. Plaintiff testified that he stood in the aisle of the bus to see what was happening. The bus stopped abruptly, causing plaintiff to fall on his back. Plaintiff claimed that he injured his back in the fall.

On March 23, 1982, plaintiff notified defendant of his injury pursuant to the policy. Defendant's physician examined plaintiff on July 6, 1982. After notifying defendant of his injury, plaintiff received from defendant three monthly checks, each for $2,000. Defendant stopped sending the checks in August 1982. Plaintiff contacted an employee of defendant's in its claims department, who told him that defendant's physician concluded that he was well enough to return to work.

Plaintiff brought this action for specific performance on January 21, 1983. He filed an amended complaint on September 6, 1984, which he subsequently amended a second time. On February 10, 1986, defendant moved for a change of venue. The trial judge denied the motion, finding that he had already made substantive rulings in the case.

The cause proceeded to a bench trial. On July 7, 1986, the court entered judgment for plaintiff and awarded him damages totalling $93,815.71, in addition to attorney fees and costs. Defendant appeals.

Defendant first contends that the trial court committed reversible error in denying its motion for a change of venue. The record shows that defendant made its motion on February 10, 1986. The trial judge found that he had already made substantive rulings in the case.

■ We note plaintiff's contention that defendant waived this issue on appeal because it did not preserve its objection in a post-trial motion. This cause, however, was tried before the court, sitting without a jury. "In a non-jury civil case the failure to include a point in a post-trial motion does not preclude its being raised on appeal." *City of Chicago v. Mid-City Laundry Co.* (1972), 8 Ill. App. 3d 88, 90, 289 N.E.2d 233, 234, cited in *People v. One 1974 Chevrolet Corvette* (1983), 117 Ill. App. 3d 616, 618, 453 N.E.2d 890, 891.

The venue statute, now codified at section 2—1001 of the Code of Civil Procedure, provides that any party may have a change of venue in any civil action where the party fears that he or she will not re-

ceive a fair trial in the court in which the action is pending because the trial judge is prejudiced against him or her. Ill. Rev. Stat. 1985, ch. 110, par. 2—1001(a)(2).

■■ ■ Courts liberally construe the venue provisions to permit rather than defeat a change of venue, particularly where the movant charges prejudice on the part of the judge. Accordingly, Illinois courts have repeatedly held that if the petition for change of venue is in proper form and timely filed, the trial judge must grant the petition. The right to a change of venue, properly presented, is absolute; the trial judge has no discretion as to whether or not to grant the petition and cannot inquire as to the truthfulness of the allegations of prejudice. *Rosewood v. Transamerica Insurance Co.* (1974), 57 Ill. 2d 247, 250-51, 311 N.E.2d 673, 675; *Frede v. McDaniels* (1976), 37 Ill. App. 3d 1053, 1054, 347 N.E.2d 259, 260.

■■ The parties in the instant case dispute the timeliness of the petition. "A motion for a change of venue must be filed at the earliest practicable moment; it comes too late if filed after the trial judge has ruled on a substantive issue in the case or after the hearing has begun and the judge has ruled adversely to the petitioner." (37 Ill. App. 3d at 1054, 347 N.E.2d at 260.) The trial judge found that he had already made substantive rulings in the case at bar.

■■ After reviewing the record, we conclude that the trial judge had not yet made any substantive rulings in the case when defendant petitioned for a change of venue. Thus, defendant's petition was timely filed. The record shows that the trial judge entered various orders involving compliance with discovery requests, the release of medical records, and the setting of dates for interrogatories, submission of the witness list and trial. These orders were not substantive rulings that went to the merits of the case.

■■ Plaintiff contends that the trial judge's orders regarding the production of documents were substantive rulings. Plaintiff states that "[i]t is a permissible assumption that the issuance of that order first required [the trial judge] to first make some determination of the admissibility or the relevance that such evidence might have in this case." The record, however, does not support this assumption. Rather, the record shows that the trial judge entered orders merely requiring either or both parties to produce any and all medical records and other documents involved in the case. The record does not show any deliberation over the selection of the documents. The trial judge's orders, therefore, did not go to the admissibility or relevance of the information; rather, the orders were merely preliminary, administrative and preparatory for trial. We hold, therefore, that the trial judge

should have granted defendant's motion for a change of venue.

■ "Any order entered subsequent to an improper denial of a change of venue is void." (*Frede v. McDaniels* (1976), 37 Ill. App. 3d 1053, 1055, 347 N.E.2d 259, 261, relied upon in *Delta Oil Co. v. Arnold* (1978), 66 Ill. App. 3d 375, 381, 384 N.E.2d 25, 29.) In the instant case, therefore, the erroneous denial of defendant's motion for a change of venue rendered all of its subsequent rulings null and void.

For the foregoing reasons, the order of the circuit court of Cook County denying the petition for a change of venue and all orders entered subsequent thereto are reversed. The cause is remanded for further proceedings not inconsistent with this opinion.

Reversed and remanded.

McMORROW, P.J., and JIGANTI, J., concur.