2022 IL App (1st) 201088-U

No. 1-20-1088

Second Division
June 28, 2022

**NOTICE:** This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

_____

IN THE

APPELLATE COURT OF ILLINOIS

FIRST DISTRICT

_____

| | | |
|---|---|---|
| CHRISTOPHER STOLLER, | ) ) ) | Appeal from the Circuit Court of Cook County. |
| Plaintiff-Appellant, | ) | |
| | ) | |
| v. | ) | No. 18 L 4578 |
| | ) | |
| UBER, NEFTALI ESPARAZA, MARIA LORETA ESPARAZA, and RAYMOND DOTSON, | ) ) ) | Honorable John P. Callahan |
| | ) | Judge, presiding. |
| Defendants-Appellees. | ) | |

_____

JUSTICE COBBS delivered the judgment of the court.
Justices Howse and Lavin concurred in the judgment.

**ORDER**

¶ 1    *Held*:  The circuit court's order denying plaintiff's change of venue motion is affirmed. Plaintiff's arguments regarding any subsequent orders are meritless. We decline to order Illinois Supreme Court Rule 375(b) sanctions at this time.

¶ 2    This dispute stems from a personal injury lawsuit, wherein *pro se[1]* plaintiff-appellant Christopher Stoller was riding in a vehicle driven by defendant-appellee Raymond Dotson through the use of defendant-appellee Uber[2] ride-sharing software application. During the ride, an accident occurred involving Dotson's and defendant-appellee Neftali Esparaza's vehicles. Following multiple years of protracted litigation, the circuit court granted Uber's second motion for sanctions and dismissed Stoller's complaint with prejudice. On appeal, Stoller argues that (1) the circuit court committed reversible error when it denied his motion for change of venue, (2) all orders entered afterwards were void *ab initio* as a matter of law, and (3) the circuit court erred in denying his motion for a substitution of judge. He also appears to take issue with the circuit court's failure to include findings of fact in its orders. For the following reasons, we affirm.

¶ 3                                 I. BACKGROUND

¶ 4    The procedural history of this case is extensive and, at times, circuitous. A complete recital of the facts is not essential to the disposition of this appeal. Thus, we recite only those facts necessary for an understanding of the case and resolution of the precise issues on appeal.

¶ 5    Stoller instituted this action in the circuit court of Cook County on October 26, 2016. After being granted leave, Stoller filed his first amended complaint on August 28, 2017. Briefly, the complaint alleged that on August 4, 2016, Stoller was the passenger in a vehicle driven by Dotson, and at around 2:55 p.m. within Oak Park, Illinois, Esparaza struck Dotson's vehicle with his own

---

[1] Although Stoller proceeds *pro se* in this appeal during the course of this litigation Stoller has both represented himself, been represented by counsel, and attempted hybrid representation that has resulted in issues in the circuit court.

[2] Stoller incorrectly identified defendant-appellee as "Uber," rather than "Uber Technologies, Inc." in his notice of appeal.

vehicle. Stoller alleged that he was seriously injured due to this accident and advanced several counts of negligence against the named defendants.[3]

¶ 6    The next two years of litigation involved a litany of discovery motions, changes in circuit court judges, and issues between Stoller and his counsel.

¶ 7    Relevant here, on November 6, 2019, the circuit court granted Uber's motion for sanctions against Stoller and his counsel. In that order, the circuit court found several violations of Illinois Supreme Court Rule 137 (eff. Jan. 1, 2018)[4] and Rule 219 (eff. July 1, 2002)[5] and ordered Stoller to answer all outstanding discovery within 28 days. However, the court denied Uber's request to dismiss the case, stating the following:

> "It appears that, as Uber has suggested, Plaintiff has embarked on a deliberate strategy to harass the Defendants and to drive up the costs of defending what is a fairly straightforward traffic accident which each driver described as having a light impact and from which Plaintiff walked away. This court has read the pleadings, depositions[,] and transcripts of court hearings and has concluded that Plaintiff's actions are serious, willful[,] and contumacious. This case, which should have been disposed of in eighteen months has gone on for more than three years in front of six different judges, with only Plaintiff and Defendant drivers' depositions completed. The judges assigned to this case have displayed

---

[3] Later, upon their motion, the circuit court dismissed Uber's chief executive officer, the senior vice president of operations and director, and several members of Uber's board of directors from the action.

[4] Rule 137 requires that every pleading, motion, and any other document be signed by an attorney of record for the party and failure to do so may result in the imposition of sanctions. Ill. S. Ct. R. 137 (eff. Jan. 1, 2018).

[5] Rule 219 sets forth the consequences for refusal to comply with rules or orders related to discovery or pretrial conferences. Ill. S. Ct. R. 219 (eff. July 1, 2002).

tremendous patience and given Plaintiff many opportunities to answer this discovery at issue with limited success."

Finally, the court warned Stoller that any further violations of the discovery rules would result in the case being dismissed with prejudice.

¶ 8    On December 9, 2019, Uber filed a second motion for sanctions seeking dismissal of Stoller's complaint with prejudice due to failure to answer discovery requests by a previously ordered deadline. Defendants, Dotson and Neftali and Maria Esparaza, joined in this motion.

¶ 9    On January 7, 2020, Stoller responded to the second motion for sanctions. Therein, Stoller asserted that the motion was filed to harass and maliciously harm Stoller and his counsel. Further, Stoller took issue with the affidavit attesting to the attorney's fees and argued that the fees claimed were excessive. He requested that the court allow him to take limited discovery depositions of counsel on the issue of fees. Finally, he asserted that he made a good faith effort to comply with all discovery requests, any issue with his deposition was caused by his medical condition and was unintentional, and discovery sanctions were barred by the law of the case doctrine.[6]

¶ 10    On January 14, 2020, Uber filed its reply, arguing that Stoller provided neither evidence to indicate that he complied with the court's previous sanctions order entered November 16, 2019, nor a reason why the submitted fees were unreasonable.

¶ 11    On February 6, 2020, Stoller filed a motion for substitution of judge for cause. Therein, he asserted that he could not receive a fair and impartial hearing before Judge Daniel T. Gillespie, to whom the case had by that time been reassigned from Judge John H. Ehrlich. He contended that Judge Gillespie was biased and prejudiced against him. Further, he cited to Illinois Supreme Court

---

[6] Stoller also subsequently filed a motion to vacate the court's first sanctions order.

Rule 63 (eff. Dec. 16, 2020), which sets forth Canon 3 of the Illinois Code of Judicial Conduct. He specifically pointed to the disqualification section, which provides that a judge shall disqualify himself "in a proceeding in which the judge's impartiality might reasonably be questioned," including where the judge is to the judge's knowledge likely to be a material witness in the proceeding. Ill. S. Ct. R. 63(C)(1)(e)(iv) (eff. Dec. 16, 2020). Stoller's motion alludes to an alleged incident that occurred in the courtroom on May 21, 2019. Briefly, Stoller contended that counsel for Uber assaulted and threatened him in the courtroom. He reported this incident to the police, who interviewed several individuals and determined the allegation to be unfounded. Judge Ehrlich then recused himself *sua sponte* because he and his clerk had been interviewed by the police. The case was then assigned to Judge Gillespie.

¶ 12    On February 21, 2020, Judge Gillespie recused himself *sua sponte* from the case because he had been named as a defendant in a lawsuit Stoller filed in DuPage County on January 27, 2020. The DuPage County action stemmed from the alleged May 21, 2019 courtroom incident. Subsequently, the case was assigned to Judge Kathy Flanagan.

¶ 13    On March 16, 2020, Stoller filed a motion seeking a change of venue. This motion was refiled on April 21, 2020 and requested that the case be transferred to DuPage County pursuant to section 2-1001.5 of the Code of Civil Procedure (Code) (735 ILCS 5/2-1001.5 (West 2018). In the motion, Stoller referred to the above courtroom incident and argued that the courtroom does not have adequate security and that the circuit court judge is unable to adequately protect litigants. He continued:

> "9. With the bias and prejudice exhibited by [circuit court judges], all under the supervision of Chief Judge Evans, it is clear that Plaintiff cannot receive a fair and impartial trial in Cook County.

10. A change of venue in this civil action should be granted when the Court determines that Plaintiff may not receive a fair trial in Cook County because the judges are prejudiced against him, or the Chief Judge has undue influence over the Cook County judges.

11. Plaintiff has become a victim of the Chief Judge's failure to have a written policy to provide security in Cook County courtrooms[.]"

Stoller attached an affidavit to his motion, attesting to the above.

¶ 14   On July 2, 2020, Stoller filed a corrected motion for substitution of judge for cause. However, before the motion was ruled upon, on July 7, 2020, an administrative order from the Law Division of the Circuit Court of Cook County was entered in relation to the Covid-19 pandemic, which resulted in the case being reassigned to Judge John Callahan.

¶ 15   On July 9, 2020, defendants filed a joint motion seeking a ruling on the December 9, 2019 motion for sanctions.

¶ 16   On August 14, 2020, the circuit court heard arguments on Stoller's motion for change of venue. Stoller made the same arguments before the court as were contained in his motion and specifically cited to both *Stoller v. Paul Revere Life Insurance*, 163 Ill. App. 3d 438 (1987)[7], and *Rosewood Corp. v. Transamerica Insurance Co.*, 57 Ill. 2d 247 (1974)), in support of his motion. Also, of note and relevant to our review, Stoller referred to section 2-1001 (735 ILCS 5/2-1001 (West 2018)) in his argument, whereas his written motion referenced section 2-1001.5 (735 ILCS 5/2-1001.5 (West 2018)). In response to the motion, defendants argued that the case was properly in Cook County because the accident occurred there, and the witnesses and parties were also

---

[7] To avoid confusion, we refer to *Stoller v. Paul Revere Life Insurance*, 163 Ill. App. 3d 438 (1987), as *Paul Revere*.

located there. Additionally, defendants asserted that the caselaw to which Stoller relied upon was irrelevant to the issue of change of venue and claimed that Stoller was using the motion as a "stall tactic to delay ruling *** on the motion for sanctions." The court denied the motion, stating as follows:

"Plaintiff brought this case in Cook County. I don't see any reason that it should be – a motion should be granted. I'm denying the motion for a change of venue. The case is here. Prior to this case being assigned to me, I had no knowledge whatsoever about whatever allegations are out there, whether they're true or not true.

And I'll make this other observation just so it is on the record. I don't consider [Chief Judge Timothy C. Evans] my boss. He is the Chief Judge, the Administrative Chief Judge of the Circuit Court of Cook County. But I exercise in all cases independent judicial authority."

¶ 17     On August 25, 2020, the circuit court heard arguments on the motion for sanctions. The following day, the court issued a written order granting the motion and dismissing the case with prejudice. The order stated:

"This Court finds that the plaintiff has continually ignored discovery rules and specific orders of this Court, including the Court's November 6, 2019 order. This plaintiff has demonstrated he is incapable and unwilling to comply with any court order. This conduct is so serious, willful, and contumacious, that any sanction short of dismissal would be insufficient."

¶ 18     On September 9, 2020, Stoller filed a motion for reconsideration of the order denying his change of venue motion and the order dismissing his complaint. That motion was denied on October 7, 2020.

¶ 19    This appeal followed.

¶ 20                                    II. ANALYSIS

¶ 21    In his brief, Stoller claims that (1) the circuit court committed reversible error when it denied his motion for change of venue, (2) all orders entered afterwards were void *ab initio* as a matter of law, and (3) the circuit court erred in denying his motion for a substitution of judge. He also takes issue with the circuit court's failure to include findings of fact in its orders, and we will address this ancillary argument as well.

¶ 22    In addition to responding to Stoller's arguments, Uber, and the other named defendants who joined in Uber's responsive brief (hereinafter referred to collectively as "defendants"), requested Illinois Supreme Court Rule 375(b) sanctions for Stoller's "egregious litigation conduct in this matter, including the prosecution of this frivolous appeal."

¶ 23                                    A. Change of Venue

¶ 24    Stoller first contends that the circuit court committed reversible error when it denied his motion for change of venue (referred to as a petition in the relevant statute). Defendants disagree, arguing that Stoller's motion did not comply with the requirements of section 2-1001.5 of the Code (735 ILCS 5/2-1001.5 (West 2018)), the circuit court correctly found that there was no showing of prejudice based on Stoller's allegations, and Stoller's intention in filing the motion was to improperly delay or avoid dismissal of the case.

¶ 25    Preliminarily, we address Stoller's reliance on *Paul Revere*, 163 Ill. App. 3d 438 (1987). In that case, this court held that "if the petition for change of venue is in proper form and timely filed, the trial judge must grant the petition" and the right to a change of venue, when "properly presented, is absolute[.]" *Paul Revere*, 163 Ill. App. 3d at 441 (citing *Rosewood Corp. v. Transamerica Insurance Co.*, 57 Ill. 2d 247, 250-51 (1974)). Further, the court held that an

erroneous denial of a change of venue rendered all subsequent orders "null and void". *Id.* at 442. Despite the *Paul Revere* court's characterization of the motion as a "change of venue" motion, that court was in fact dealing with a "substitution of judge" motion. See *id.* at 440-442.

¶ 26    Prior to 1993, section 2-1001 of the Code was titled "Change of venue" and sometimes referred to as the venue act. *Schnepf v. Schnepf*, 2013 IL App (4th) 121142, ¶ 32. Under this statute, a substitution of judge and a substitution of county in which the cause was to be heard were both referred to as a "change of venue." *Id.* Public Act 87-949 amended section 2-1001 of the Code and added section 2-1001.5 to distinguish between "substitution of judge" and "change of venue." Pub. Act. 87-949, § 1 (eff. Jan. 1993); see also *Schnepf*, 2013 IL App (4th) 121142, ¶ 41; *Jensen v. Curry*, 46 Ill. App. 3d 155, 157 (1977) ("A change of venue is an absolute right only when the petition seeks assignment of the action to a different judge [citation], not when the petition alleges the prejudice of the inhabitants of the county [citation]."). Accordingly, *Paul Revere* is inapplicable here.

¶ 27    In light of the 1993 amendment and the previous use of the same title to characterize two distinct actions, it is imperative that cases decided prior to this amendment be scrutinized to identify whether the issue before the court involved a change of venue or substitution of judge. With that clarification, we now turn to the requirements under the applicable change of venue provision.

¶ 28    Subsection (a) of section 2-1001.5(a) of the Code provides that a change of venue may be had "when the court determines that any party may not receive a fair trial in the court in which the action is pending because the inhabitants of the county are prejudiced against the party, or his or her attorney, or the adverse party has an undue influence over the minds of the inhabitants." 735 ILCS 5/2-1001.5(a) (West 2018). Subsection (b) requires that the petition be supported by at least

two affidavits from county residents and the opposing party has the opportunity to present counter affidavits. *Id.* 2-1001.5(b). "[T]he court may grant or deny the petition as shall appear to be according to the right of the case." *Id.*

¶ 29 The parties dispute which standard of review applies to this issue. Stoller asserts that we should review the circuit court's order denying change of venue *de novo*, arguing that we are faced with a pure question of law. We disagree. Rather, we agree with defendants' assertion that the correct standard of review is abuse of discretion. Defendants rely on *Corbetta Construction Co. of Illinois, Inc. v. Lake County Public Building Comm'n*, 64 Ill. App. 3d 313, 327 (1978) in support. There, the court, citing *Gouker v. Winnebago County Board of Supervisors*, 37 Ill. 2d 473, 475 (1967)), stated that: "[the granting or denial of a petition for a change of venue to another county is addressed to the sound discretion of the court." *Id.;* see also *Jensen*, 46 Ill. App. 3d at 157 (stating that trial court's determination on change of venue will not be disturbed unless there is an abuse of discretion). Although *Corbetta Construction,* and the case upon which it relies, were decided long before the statute was amended, there is nothing to suggest that the same standard of review would not be applicable, where, not only is it the same procedure, but also the language of the prior and current statute as related to change of venue motions is substantially the same. Specifically, the prior version stated, in reference to a petition for change to a different county, "the court may grant or deny the petition as shall appear to be according to the right of the case." Ill. Rev. Stat. 1991, ch. 110, ¶ 2–1001. The current statute, as cited above, contains the same sentence as in the previous version, and both versions clearly provide for the circuit court's exercise of discretion in resolving the motion. See *Jensen*, 46 Ill. App. 3d at 157 ("The clear import of [that quotation] is that when the prejudice of the inhabitants of the county is the basis for the

petition, the trial judge has the discretion to grant or deny the petition[.]"). Thus, we find that abuse of discretion is the appropriate standard of review here.

¶ 30    Regardless of which standard of review is applied, our conclusion would be the same. The circuit court did not err in denying Stoller's motion for change of venue. This is so because Stoller simply did not comply with the statute in filing his motion. Specifically, he did not submit two affidavits from residents of Cook County, attesting to the prejudice against him or undue influence from defendants. 735 ILCS 5/2-1001.5(b) (West 2018). This procedural deficiency is fatal to Stoller's motion, and the circuit court properly denied it.

¶ 31    We recognize that Stoller's motion to change venue pursuant to section 2-1001.5 of the Code does not particularly rely on the belief that Cook County residents are prejudiced against him, but rather relies on his belief that all of the Cook County circuit court judges are biased against him because they are all "under the supervision of Chief Judge Evans[,]" who is named as a defendant in Stoller's civil lawsuit in DuPage County. However, section 2-1001(c) of the Code, which provides for substitution of judge, provides that "[i]f the case is assigned to a judge in some other county, the provisions of [section 2-1001.5] shall apply." 735 ILCS 5/2-1001(c) (West 2018). Accordingly, to the extent that Stoller is requesting a new judge in a new county, he must meet both the requirements of section 2-1001 and 2-1001.5. As such, the procedural deficiencies in his motion remain fatal.

¶ 32    Because we have determined that the circuit court's order denying the motion for change of venue was not improper, we need not address Stoller's additional contention that all orders entered afterwards were void *ab initio*. In any case, because the order denying change of venue was proper, there could be no "null and void" effect on the subsequent orders. Although defendants advance arguments on the correctness of the court's order granting sanctions and dismissing

Stoller's complaint with prejudice, Stoller did not assert any arguments specific to that order, other than claiming that all orders after the order denying the change of venue were void.[8] Thus, we need not consider them.

¶ 33                                    B. Substitution of Judge

¶ 34    Stoller also contends that Judge Callahan erred in denying his motion for substitution of judge for cause without first sending it to another judge for consideration. Stoller cites to section 2-1001(a)(3)(iii) (735 ILCS 2-1001(a)(3)(iii) (West 2018)), which states that "a hearing to determine whether cause exists shall be conducted as soon as possible by a judge other than the judge named in the petition."

¶ 35    Significantly, the pages of the record to which Stoller cites for the motion for substitution of judge reveal that such a motion was filed, but the purpose of that motion was to remove or disqualify Judge Gillespie as the assigned judge on the case. As such, the motion became moot when Judge Gillespie, who was named in Stoller's Du Page County lawsuit, *sua sponte* recused himself from the case now before us.

¶ 36    This court's review of the record reveals another motion for substitution of judge filed on April 10, 2020, requesting that Judge Flanagan recuse herself or be disqualified from presiding over the case. Again, this motion was also rendered moot when the case was reassigned due to the Covid-19 pandemic to Judge Callahan.

¶ 37    Otherwise, we cannot find any motion for substitution of judge addressing Judge Callahan in the record. Moreover, it is not this court's responsibility to search the record on behalf of the

---

[8] Stoller attempted to add this as an issue on appeal in his reply brief. However, "[p]oints not raised in a brief are waived and cannot be argued for the first time in a reply brief[.]" *Burlington Northern and Santa Fe Ry. Co. v. ABC-NACO*, 389 Ill. App. 3d. 691, 717 (2009) (citing Ill. S. Ct. R. 341(h)(7) (eff. Oct. 1, 2020)); see also *Holliday v. Shepherd*, 269 Ill. 429 (1915) (stating same).

appellant. See *Obert v. Saville*, 253 Ill. App. 3d 677, 682 (1993) ("[I]t is neither the function nor the obligation of this court to act as advocate or search the record for error."). Accordingly, we find this argument to be without merit.

¶ 38                    C. Sufficiency of Circuit Court Orders

¶ 39    Finally, we briefly address Stoller's supplemental argument tacked on at the end of his brief in which he claims that the circuit court failed to state adequate reasons to support its rulings. Stoller specifically asserts that the circuit court failed to cite to any authority in its opinions and "refused to make findings of fact and draw conclusions of law in the court[']s erroneous decisions *** in order to intentionally thwart the Appellate Court review." Notably, Stoller himself does not cite to any authority to support his argument, other than Rule 52(a) of the Federal Rules of Civil Procedure (Fed. R. C. P. 52(a) (eff. Dec. 1, 2009)), which is not applicable here as this is an Illinois case that did not involve a bench trial. We will not seek out pertinent authority on Stoller's behalf. See Ill. S. Ct. R. 341(h)(7) (eff. Oct. 1, 2020) (providing that an appellant's argument must contain citation of the authorities relied upon); see also *Thrall Car Mfg. Co. v. Lindquist*, 145 Ill. App. 3d 712, 719 (1986) ("The appellate court is not a depository in which the appellant may dump the burden of argument and research.").

¶ 40    Additionally, we simply disagree with Stoller's characterization of the relevant orders here. First, the court orally denied Stoller's motion for change of venue, and in doing so, set forth its reasoning on the record. The circuit court's order granting defendants' motion for sanctions and dismissing the case, although brief, adequately explained the reasons for the court's ruling, namely for violating the discovery rules and failing to comply with the previous court order on the issue. The court relied on the prior court order granting the motion for Rule 137 and Rule 219 sanctions. That order was highly detailed and complied with Rule 137, which provides that a judge entering

sanctions under this rule must set forth with specificity the reasons and basis for doing so. Ill. S. Ct. R. 137(d) (eff. Jan. 1, 2018). As a final note, this court cannot say that any of the circuit court's orders on review here "thwarted" or in any way limited our ability to review the issues before us. Thus, Stoller's argument on this point is also without merit.

¶ 41                           D. Defendants' Request for Sanctions

¶ 42    Finally, defendants request that this court sanction Stoller under Illinois Supreme Court Rule 375(b) (eff. Feb. 1, 1994) due to Stoller's frivolous appeal and egregious litigation conduct. Specifically, defendants request that Stoller be fined $10,000, that we enter an administrative order governing Stoller's future civil litigation in this court and recommend to the circuit court that it enter a similar administrative order. Stoller's reply brief does not contain any arguments in opposition.

¶ 43    Rule 375(b) (eff. Feb. 1, 1994) provides that this court may impose an appropriate sanction upon a party who files a frivolous appeal or an appeal that "was not taken in good faith, for an improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation, or the manner of prosecuting or defending an appeal or other action is for such purpose." An objective standard is applied in determining if an appeal is frivolous, and in doing so, we consider whether the appeal would have been brought in good faith by a reasonable, prudent attorney. *In re Marriage of Cummings*, 2022 IL App (1st) 211507, ¶ 38. The decision of whether to impose Rule 375(b) sanctions is within this court's discretion. *Gillard v. Northwestern Memorial Hospital*, 2019 IL App (1st) 182348, ¶ 62.

¶ 44    We acknowledge that this action has involved numerous delays, Stoller's failure to abide by court orders, and Stoller's efforts to disqualify each circuit court judge assigned to the case. Stoller's complaint was dismissed with prejudice, and although his arguments here on appeal were

without merit, we do not find it entirely unreasonable for him to have appealed from the final judgment. Further, the death knell has now twice been sounded on Stoller's litigation. The action has been dismissed in the circuit court and such dismissal has now been affirmed on appeal. As such, in the exercise of our discretion , we decline to impose sanctions upon Stoller.

¶ 45                                    III. CONCLUSION

¶ 46     For the reasons stated, we affirm the judgment of the circuit court.

¶ 47     Affirmed.